# EXHIBIT A

# INTERNET LAW CENTER

*Bennet G. Kelley*
*(310) 452-0401*
*bkelley@InternetLawCenter.net*

September 28 2021

Raees Mohamed, Esq.
RM Warner P.L.C.
8283 North Hayden Road Ste. 229,
Scottsdale, AZ 85258
<raees@rmwarnerlaw.com>

**Re:** *Chaverri v. Platinum LED Lights, LLC*

Dear Raees:

This firm represents Platinum LED Lights, LLC, Mark Sawyer, Michel Volkin and Volkinator Enterprises with respect to the above-referenced matter and I am writing with respect to the First Amended Complaint (FAC) in which they have been added as parties. The FAC is a transparent attempt to silence a competitor from exposing Mito Red Light's deceptive and unfair business practices and take advantage of the limited scope of Arizona's anti-SLAPP law.

For the reasons outlined below, the FAC is baseless and should be immediately dismissed with prejudice.

*Defendants Contentions Are Not Actionable*

At the heart of the FAC are its claims that statements made by Defendants regarding Mito Red Light in a video and certain blog content constitute False Advertising under 15 U.S.C. § 1125 and defamation under Arizona common law. Under both legal doctrines, however, the FAC faces substantial legal hurdles in demonstrating the statements are false statements of fact (as opinions are not actionable). The alleged statements must be "specific and measurable" claims "capable of being proved false or of being reasonably interpreted as a statement of objective fact," otherwise they cannot give rise to liability under the Lanham Act or common law defamation. *Coastal Abstract Service v. First Amer. Title*, 173 F.3d 725, 731 (9th Cir. 1998).

The False Statements asserted in the FAC are laughable, especially the ones that you concede are true in your complaint. For example, Paragraph 45(b), "[l]eaders come first and then all the "followers . . ." In the FAC's rebuttal, you concede that this axiomatic statement is true and that

Mito Red Light is the "newer red-light therapy company," but apparently do not want that highlighted.

The FAC repeatedly relies on the infamous "who are you going to believe, me or your lying eyes" defense. The FAC disputes Defendants' claim that Mito Red Light's claimed three-year warranty was not always true, by making an inapposite contention there were "no loopholes on the Website" but never addressing the fact that its site terms limited the warranty to two-years as plainly shown in the video. (FAC at ¶ 59(c).)

Similarly, the FAC challenges the readings displayed in the video and blog by arguing that even if the displays correctly found Mito Red Light to be less powerful, it is misleading since Defendants do not mention that the less powerful product "cost almost half the price." (FAC at ¶ 65.) Of course, the deficiencies outlined in the content attacked in the FAC offer a reasonable explanation for why the product is so cheaply priced.

Many of the other "False Statements" are not statements of objective fact capable of being proven false and/or are simply matter of opinion. Statements that a later product that looks substantially similar is "substantially same as far as a construction standpoint" or is "ripped off" clearly are statements of opinion. (FAC at ¶ 65.) In addition, please educate me as to how you intend to prove that a statement of hope as alleged in Paragraph 65(h) is demonstrably false?

*Plaintiffs Common Law Claims Have No Merit*

The FAC asserts common law claims for tortious interference with contractual and prospective contractual relations, false light invasion of privacy, intentional infliction of emotional distress, along with claims for conspiracy (for which no separate cause of action exists), aiding and abetting and injunctive relief which need not be addressed at this time.

Plaintiff's tortious interference claim has one fundamental problem – fair competition is never actionable. Stating truthful information about competing products is how markets should function, rather than seeking to bully competitors into submission by abuse of process.

The most ridiculous elements of the FAC are the assertion of claims on behalf of Mito Red Lights' CEO Scott Chaverri who is claimed to have suffered great embarrassment because of defendants conduct. In reality, the source of his embarrassment is that his lawyers believe he is such a fragile snowflake that he would suffer so greatly from statements that do not even mention him by name.

To state a claim for false light requires that the statement at least be about the plaintiff and be "highly offensive to a reasonable person". *Hart v. Seven Resorts, Inc.*, 947 P.2d 846, 854 (1997); *Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 787 (1989). The statements at issue are about Mito Red Lights and never mention Mr. Chaverri. More importantly, nobody is going to be "highly offended" by any of the relatively mundane content highlighted in the FAC.

As to the claim for intentional infliction of emotional distress, such a claim must demonstrate acts that are "extreme and outrageous."

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim `Outrageous!'"

*Lucchesi v. Frederic N. Stimmell, M.D., Ltd.*, 716 P.2d 1013, 1016 (Ariz. 1986). There is absolutely nothing about LED bulbs that could ever rise to that level.

What is outrageous, however, is the naming of Jane Doe Sawyer and Jane Doe Volkin in the FAC telegraphing an intent to add my clients' spouses to this litigation, without even a single allegation about their involvement in any of the facts alleged in the FAC. This is frankly despicable and suggests that your firm has learned little from its past investigation.

*Next Steps*

My clients ask that Plaintiffs immediately dismiss this action with prejudice. If you fail to do so by October 5, 2021, Defendants will promptly serve a motion for sanctions and/or a motion to dismiss.

In the unlikely event, any of the FAC's claim survive this attack, Defendants will file a counterclaim against Mito Red Light that will further broadcast the very acts of unfair competition, deceptive trade practices and fraud that this lawsuit has sought to silence discussion of – including mimicking Platinum LED's look and feel, false advertisements regarding use of 5-watt bulbs and deceptive practices with respect to Mito Red Light's warranty. Defendants stand ready to prove these claims.

In addition, just as your client has highlighted the complaint on their blog, my clients reserves the right to do the same and will make the case that Plaintiffs are improperly using litigation as a tool to censor legitimate comparable advertising.

In sum, pursuing this litigation further would be an expensive public relations disaster for Mito Red Light and your firm. As a result, my clients offer you this limited window to reconsider this path to folly before escalating this matter.

General MacArthur once said, "we are not retreating – we are advancing in a different direction." My clients urge Mito Red Light to take this opportunity to advance in a different direction.

Sincerely,

INTERNET LAW CENTER

*Bennet Kelley*

Bennet G. Kelley