Tamera C. Shanker (Bar # 016016)
THE SHANKER LAW FIRM, PLC.
700 E. Baseline Road, Bldg. B
Tempe, Arizona 85283
Phone: (480) 838-9300
Facsimile: (480) 838-9433
info@shankerlaw.net

Bennet G. Kelley (*Pro Hac Vice*)
Internet Law Center Ltd.
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
Phone: (310) 452-0401

Attorneys for Defendants Platinum LED Lights, LLC;
Mark Sawyer; Michael Volkin; and Volkinator Enterprises, Inc.

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Chaverri, an individual; and Mito Red Light, Inc., an Arizona Corporation<br><br>Plaintiffs,<br><br>v.<br><br>Platinum LED Lights, LLC; a Florida limited liability company; Mark Sawyer and Jane Doe Sawyer, individuals; Michael Volkin and Jane Doe Volkin, individuals; and Volkinator Enterprises, Inc., a California corporation<br><br>Defendants. | Case No. 2:21-cv-01700-SPL<br><br>**PLATINUM DEFENDANTS' OPPOSITION TO MOTION TO STRIKE DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>**(Honorable Steven P. Logan)** |

Defendants Platinum LED Lights, LLC; Mark Sawyer; Michael Volkin; and Volkinator Enterprises, Inc. (collectively the "**Platinum Defendants**") hereby submit their Opposition to Plaintiffs Motion to Strike Defendants' Motion to Dismiss the First Amended Complaint.

Plaintiffs' motion is both procedurally and substantively void. The motion is not permitted by the Federal Rules of Civil Procedure. In addition, the Platinum Defendants have fully complied with LRCiv. 12.1 and contend that a simple review of the timeline of this case reveals that this motion is mere gamesmanship by Plaintiffs designed to avoid having to substantively address the weaknesses of its First Amended Complaint and buy time before filing a petition to remand this case to state court.

## I.     FACTUAL BACKGROUND

### A.     It Takes Two To Confer

On August 27, 2021, Plaintiffs filed the First Amended Complaint ("FAC") in Maricopa County Superior Court through their lawyers RM Warner, PLC, with both Raeesabbas Mohamed and Daniel R. Warner listed in the caption of the FAC. Plaintiffs served Defendant Michael Volkin on September 6, 2021 at his home in Santa Rosa, California, thus requiring that he file a responsive pleading on or before October 6, 2021 (which also was the deadline for removal). Ariz. R. Civ. P. 4.2(m).

As Plaintiffs point out, Bennet Kelley, counsel for the Platinum Defendants, sent a letter to Mr. Mohamed on September 28, 2021 spelling out the many deficiencies in the FAC and warned that if the FAC were not dismissed the Platinum Defendants were prepared to "serve a motion for sanctions and/or a motion to dismiss." (Mohamed Declaration at Ex. A (Document 14-2) (hereinafter "Mohamed Decl.").)

While Mr. Mohamed indicates that he began his vacation on Friday October 1 (which, as lawyers unfortunately know, most likely means that he left that evening after a full and harried day in the office), there was no communication from RM Warner until the afternoon

on October 5th when paralegal Anne Griffith sent an email indicating that "Mr. Mohamed is on vacation traveling and will not be able to review and discuss your letter with our client until next week". (Mohamed Decl., Ex. B (Document 14-3).)[1]

What is interesting about Ms. Griffith's email is that it

(i) is sent the day before Mr. Volkin's response to the FAC was due;

(ii) suggest that neither Mr. Warner (the firm's co-founder who is also listed on the FAC) nor its Associate Sara Lichterman were available to discuss the matter despite their apparent involvement in this case;

(iii) does not offer any extension of time to respond to the FAC in order to facilitate a meet and confer sometime after Mr. Mohamed returned; and

(iv) it implausibly suggests that Mr. Mohamed would go on vacation without leaving any instructions regarding a pending matter for which a response was due while he was away.

Hours after Ms. Griffith's email, the Platinum Defendants filed its Notice of Removal which was sent to both Messrs. Mohamed and Warner. As a result, the Platinum Defendants had to file a responsive pleading by October 12th. Fed. R. Civ. P. 81(c)(2)(C). Plaintiffs' counsel were aware of this fact and yet elected not to respond.

On October 12th, the Platinum Defendants filed their Motion to Dismiss the First Amended Complaint (Document 9) that included a LRCiv. 12.1 certification that counsel had "met and conferred with Plaintiffs' counsel on September 28, 2021 via letter to determine whether the parties could resolve their differences without needing to resort to motion practice." The Platinum Defendants contend that its September 28th letter, which indicated that they would move for sanctions and/or to dismiss, spelled out the issues that were raised in its motion. Counsel would have happily engaged in a further meet and confer had Plaintiffs' counsel simply replied with a substantive response.

---

[1] Mr. Kelley had not seen this email until this week as it ended up in his spam folder.

B.   *Plaintiffs' Illusory Meet And Confer Proposal*

On October 18th, Mr. Mohamed contacted Mr. Kelley to object to the LRCiv. 12.1 certification and proposed a stipulation under which the Platinum Defendants would withdraw the Motion to Dismiss the First Amended Complaint and the parties would

> conduct a proper meet and confer related to the complete set of issues (not your demand letter) identified in your motion - this can be done via written means; and . . . only after we have concluded that amendments will or will not cure the alleged defects, and after an opportunity to file an amended complaint, will you then consider filing a motion to dismiss.

(Mohamed Decl. at Ex. C (Document 14-4: Pgs. 8-9).)

Twenty days after receiving the September 28th letter and six days after receiving the Motion to Dismiss, Plaintiffs were proposing that the Platinum Defendants withdraw their motion in order to merely begin an open-ended meet and confer process. In response, the Platinum Defendants did not close the door to engaging in any further meet and confer and offered that, "*should you wish to discuss the matter, I am happy to extend the time for your client's response.*" (*Id.* at Pgs. 7-8.)

Plaintiffs, however, ignored the Platinum Defendant's invitation to extend their response time and promptly engage in a meet and confer process, and instead offered in response a stipulation withdrawing the Motion to Dismiss and instead pursue a further meet and confer under which Plaintiffs would not have to respond to the issues raised by the Platinum Defendants until October 29th. (*Id*. at 6-7.) While Plaintiffs currently had to respond to the Motion to Dismiss by October 26th, in their proposed stipulation Mr. Mohamed indicated that they would not be able to write a simple letter or email indicating whether the Plaintiffs would amend the FAC until three days after that deadline and over a month after receiving Mr. Kelley's initial letter.

It was at this point that the Platinum Defendants recognized that Plaintiffs' proposal had everything to do with delay and very little to do with engaging in a meet and confer over the FAC.  In response, Mr. Kelley twice asked Mr. Mohamed why was a delay of ten days necessary. (*Id.* at Pgs. 2-4.)  Mr. Mohamed never responded to this question directly but argued that meet and confer necessitated that the parties engage in "meaningful discussions beforehand", but his proposed stipulation did not provide for any meaningful discussion but rather merely delayed a written response by Plaintiffs until October 29th.

In response, Mr. Kelley explained that the 10-day extension "was the giveaway.  That sounds more like you want to have your petition to remand filed before having to file your opposition." (Id. at Pgs. 2-3.)

## II.     THE MOTION TO STRIKE IS IMPROPER

Plaintiffs' Motion to Strike is not permitted under the Federal Rules of Civil Procedure.  In *Andrich v. Navient Solutions Inc.*, No. 2:18-cv-02766-SMB (Doc. #126) (D. Ariz. Mar. 23, 2020), this Court summarily dismissed an identical Motion to Strike a Motion to Dismiss based on alleged non-compliance with LRCiv. 12.1.

> Federal Rule of Civil Procedure 12(f), under which Plaintiff moves, does not permit his request. Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." See Fed. R. Civ. P. 12(f). Rule 7 defines "pleadings" generally as complaints and answers. See Fed. R. Civ. P. 7(a). Thus, "Rule 12(f) cannot serve as the procedural vehicle for striking language contained in motion papers." *Parker v. CMRE Financial Servs*., *Inc*., 2007 WL 3276322, at *4 (S.D. Cal. 2007) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to strike.")).

*Id.* at pg. 1-2, *Motion for Reconsideration Denied* (Doc. #129) (D. Ariz. Mar. 30, 2020).

### III. THE PLATINUM DEFENDANTS COMPLIED WITH LRCIV. 12.1.

Unlike the requirement under the Arizona Rules of Civil Procedure which requires an in-person or telephonic meeting before filing a motion to dismiss, LRCiv. 12.1 requires that the movant certify that they have "notified the opposing party of the issues asserted in the motion" via "personal, telephonic *or written notice* that it attends to assert in a motion." (Emphasis added)

The Platinum Defendants provided Plaintiffs with a three-page letter spelling out the deficiencies in the FAC and stated that if the claims were not dismissed they would pursue a "motion for sanctions and/or a motion to dismiss."  The plain language of the rule spells out that written notice is sufficient.  *See Andrich v. Navient Solutions Inc*., No. 2:18-cv-02766-SMB (Doc. #129) (D. Ariz. Mar. 23, 2020) ([w]hile no telephonic consult resulted, Defendants satisfied Local Rule 12.1(c)'s requirements by providing sufficient "written notice of the issues" they intended to assert).  Plaintiffs cannot contest this point since their own initial proposed stipulation contemplated "a proper meet and confer . . . via written means".  (Mohamed Decl., Ex. C. ([Document 14-4](Document 14-4): Pg. 9).)

The September 28th three-page letter details the weaknesses of each of Plaintiffs' asserted claims, with the exception of aiding and abetting and for an injunction which are derivative of the substantive claims addressed in the letter.  Plaintiffs contend that the letter fails to address "the substantive Lanham Act . . . issues", ignoring the fact that the letter devotes five paragraphs to discussing the Lanham Act and defamation claims which are based on the same facts and similar legal standards.

Plaintiffs also contend that Platinum Defendants could not certify that "the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party," when Plaintiffs' counsel was on vacation.  The Platinum Defendants put Plaintiffs on notice of the issues they intended to raise and while Plaintiffs' counsel was aware of the statutory deadlines that required a responsive pleading, they chose

to play possum and go on vacation instead.   The Platinum Defendants properly certified that they were unable to agree that the pleading was curable because Plaintiffs failed to offer any amendments or even respond.

## CONCLUSION

Plaintiffs' Motion to Strike is procedurally improper and substantively void and should be denied.  The motion is merely a stalling tactic to delay responding to the Motion to Dismiss the First Amendment Complaint and the Court should Order that Defendants timely respond to motion.

October 22, 2021					Respectfully submitted,

**INTERNET LAW CENTER LTD.**

By: */s/ Bennet Kelley*
100 Wilshire Blvd, Suite 700
Santa Monica, CA 90401

Tamera C. Shanker
THE SHANKER LAW FIRM, PLC.
700 E. Baseline Road, Bldg. B
Tempe, Arizona 85283

*Attorneys for Attorneys for Defendants Platinum LED Lights, LLC; Mark Sawyer; Michael Volkin; and Volkinator Enterprises, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2021, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Raeesabbas Mohamed
Daniel R. Warner
RM Warner PLC
8283 N. Hayden Road #229
Scottsdale, AZ 85258


By:  /s/ Bennet Kelley