IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Chaverri, et al.,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>Platinum LED Lights LLC, et al.,<br><br>　　　　　　Defendants. | No. CV-21-01700-PHX-SPL<br><br>**ORDER** |

　　　　On October 12, 2021, Defendants Platinum LED Lights LLC, Mark Sawyer, and Michael Volkin filed an Amended Motion to Dismiss for Failure to State a Claim. (Doc. 10). On October 21, 2021, Plaintiffs Scott Chaverri and Mito Red Light Incorporated filed a Motion to Strike Defendants' Motion to Dismiss (Doc. 14), to which Defendants responded the following day. (Doc. 15). Plaintiffs argue that Defendants did not satisfy the "meet and confer" requirement of LRCiv 12.1(c) prior to filing the Motion.

　　　　LRCiv 12.1(c) requires that before filing a motion to dismiss for failure to state a claim, the movant must "notif[y] the opposing party of the issues asserted in the motion" and the parties must be "unable to agree that the pleading was curable." Likewise, this Court's Preliminary Order requires: (1) that the movant confer with the opposing party prior to filing a motion to dismiss for failure to state a claim to determine whether the motion can be avoided; and (2) that the movant certify "that it notified the opposing party of the issues asserted in its motion (in person, by telephone, or in writing), and that the parties conferred but were unable to agree that the pleading was curable." (Doc. 7 at 3).

The purpose of the meet-and-confer requirement is for the parties to engage in good-faith discussions to resolve potential deficiencies in the pleadings without resorting to motion practice. Both LRCiv 12.1(c) and the Court's Preliminary Order warn that if the meet-and-confer requirement is not met, the motion may be stricken.

Defendants' Motion to Dismiss asserts that the parties "met and conferred . . . on September 28, 2021 via letter" and that "despite good faith efforts, . . . the parties were unable to agree on the matters raised" in the Motion. (Doc. 10 at 4). Upon reviewing the letter, however, it is clear to the Court that it was not a good-faith effort to resolve the issues raised in the Motion. Rather than notifying Plaintiff of the specific issues Defendants would later raise in their Motion, the letter asserts that the Complaint is "baseless;" mocks the claims as "laughable" and "ridiculous;" refers to Plaintiff as a "fragile snowflake;" states the lawsuit is a "path to folly;" and calls Plaintiffs' counsel "despicable" for naming Jane Doe Sawyer and Jane Doe Volkin as Defendants, which is the common practice in a community-property state like Arizona. (Doc. 14-2). Defendants' letter is contrary to the spirit of the meet-and-confer requirement.

Further, the letter makes no offer to further discuss the Complaint and the alleged deficiencies with Plaintiffs, instead stating that Defendants would file a motion to dismiss and a motion for sanctions on October 5, 2021 unless Plaintiffs first dismissed the action. (Doc. 14-2 at 4). Nonetheless, a paralegal for Plaintiffs' counsel advised Defendants' counsel on October 5, 2021 that Plaintiffs' counsel was on vacation and thus would not be able to review and discuss the letter with Plaintiffs until the following week. (Doc. 14-3 at 2). Still, Defendants proceeded to file their Motion on October 12, 2021 without any further attempt to discuss the issues with Plaintiffs.[1] A single letter may satisfy the meet-and-confer requirement under some circumstances, particularly when other efforts to communicate with the opposing party fail. *See, e.g.*, *Andrich v. Navient Sols. Inc.*, No. CV-

---

[1] To be sure, October 12, 2021 was the deadline for Defendants to file a responsive pleading. But Defendants never sought an extension of the deadline that would allow them to confer with Plaintiffs' counsel when he returned from vacation.

2

18-02766-PHX-SMB, 2020 WL 1515664, at *2 (D. Ariz. Mar. 30, 2020) (finding a "written notice of the issues" was sufficient when attempts at a telephonic meet-and-confer failed). But the letter and circumstances at issue here fall short of a good-faith effort to confer.

**IT IS THEREFORE ORDERED** that the Motion to Strike (Doc. 14) is **granted** and the Amended Motion to Dismiss (Doc. 10) is **stricken**.

**IT IS FURTHER ORDERED** that Defendants shall have until **November 1, 2021** to file an Answer or otherwise respond pursuant to Rule 12 of the Federal Rules of Civil Procedure and in accordance with LRCiv 12.1(c) and the Court's Preliminary Order (Doc. 7).

Dated this 22nd day of October, 2021.

Honorable Steven P. Logan
United States District Judge