**RM WARNER, PLC**
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Raeesabbas Mohamed, Esq. (AZ Bar # 027418)
Email: Raees@rmwarnerlaw.com
Daniel R. Warner, Esq. (AZ Bar # 026503)
Email: Dan@rmwarnerlaw.com
Tel: 480-331-9397
Fax: 1-866-961-4984
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Chaverri, an individual; and Mito Red Light, Inc., an Arizona Corporation;<br><br>Plaintiffs,<br>v.<br><br>Platinum Led Lights, LLC, a Florida limited liability company; Mark Sawyer; Jane Doe Sawyer, individuals; Michael Volkin; Jane Doe Volkin, individuals; Volkinator Enterprises, Inc., a California corporation,<br><br>Defendants. | Case No. 2:21-cv-01700-SPL<br><br>**SECOND AMENDED COMPLAINT**<br><br>(Defamation, False Light, Tortious Interference with Prospective Contractual Relations) |

For their claims for relief against Defendants, Plaintiffs allege as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, Mito Red Light, Inc. ("Mito Red"), is a corporation created and incorporated under the laws and ordinances of the State of Arizona and maintains a principal place of business at 14795 North 78th Way #300, Scottsdale, Arizona, 85260.

2.      Plaintiff, Scott Chaverri ("Chaverri"), is a citizen of the State of Arizona and is the founder and CEO of Mito Red.

3.      Mito Red and Chaverri are collectively herein referred to as "Plaintiffs."

1

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

4.     Defendant, Platinum LED Lights LLC ("Platinum"), is a Florida limited liability company located at 801 International Pkwy, 5th Floor, Lake Mary, Florida 32746.

5.     Defendant, Mark Sawyer ("Sawyer"), is the CEO, manager and principal agent of Platinum.

6.     Defendant Volkinator Enterprises, Inc., ("Volkinator") is a California corporation located at 175 Willowgreen Place, Santa Rosa, California 95403.

7.     Defendant Michael Volkin ("Volkin") is the CEO and principal agent of Volkinator.

8.     Upon information and belief, all acts of Defendants as alleged herein were performed for the benefit of their respective marital communities.

9.     Defendants purposefully availed themselves to the benefits of Arizona law by registering and publishing defamatory content through the websites, redlighttherapyexposed.com, and mitoredlightexposed.com (collectively, the "Websites"), which are registered through an Arizona-based company, NameSilo, LLC.

10.     Upon information and belief, by signing up for NameSilo's registration service, Defendants contractually agreed to NameSilo's "Terms and Conditions" that:

Section 18. GOVERNING LAW AND JURISDICTION FOR DISPUTES.

"a.   Except as otherwise set forth in the UDRP or any similar ccTLD policy, with respect to any dispute over a domain name registration, this Agreement, your rights and obligations and all actions contemplated by this Agreement **shall be governed by the laws of the United States of America and the State of Arizona, as if the Agreement was a contract wholly entered into and wholly performed within the State of Arizona**."

and

"c.   Notwithstanding the foregoing, for the adjudication of third party disputes…concerning or arising from use of domain names registered hereunder, [Defendants] shall submit without objection…**to the subject matter and personal jurisdiction of the courts** (i) of the domicile of the registrant as it appears in the public WHOIS record for the domain name(s) in controversy, **and (ii) where [NameSilo is] located**."

2

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

(emphasis added).

11.     NameSilo is located in Maricopa County, Arizona, and the Defendants Sawyer and Platinum are the named registrants of the Websites; therefore, they contractually agreed to the applicability of Arizona law, and "without objection" to the subject matter and personal jurisdiction of the Courts located in Arizona.

12.     All of the Defendants' alleged tortious conduct was directed at Plaintiffs in Arizona and caused Plaintiffs to suffer damages, including reputational harm and lost business, in Arizona; therefore, personal jurisdiction over the Defendants is proper.

13.     JOHN and JANE DOES 1-10 are fictitious persons who may have an interest herein. ABC PATERNERSHIPS 1-10, XYZ CORPORATIONS 1-10, and DEF LIMITED LIABILITY COMPANIES 1-10 are fictitious entities who may have an interest herein. At such time as the true name of said fictitious persons and/or entities become known to Plaintiffs, Plaintiffs may amend their pleadings to reflect the same.

14.     Platinum, Sawyer, Volkin, Volkinator, JOHN and JANE DOES 1-10, ABC PATERNERSHIPS 1-10, XYZ CORPORATIONS 1-10, and DEF LIMITED LIABILITY COMPANIES 1-10 are collectively herein referred to as "Defendants."

15.     The amount in controversy herein exceeds the minimum amount required for jurisdiction in this Court.

16.     Upon information and belief, jurisdiction and venue are proper in this Court.

## FACTS

17.     All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

18.     Mito Red, an Arizona corporation, is an industry leader of red-light therapy products headquartered in Scottsdale, Arizona.

19.     The red-light therapy industry is a small and very competitive industry to break into with three main companies—Mito Red, Platinum, and Joovv, Inc—

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

dominating the marketplace. Red-light therapy has also recently become a mainstream method used by consumers to treat a wide variety of health concerns.

20.     Because Mito Red is solely an e-commerce business, Mito Red's reputation in the industry and online as a red-light therapy industry leader is pivotal to the existence and growth of the company.

21.     Because there is not much literature on modern red-light therapy and its benefits, consumers research brands and their products on the Internet to determine which company and products best fit their needs.

22.     By far, the most important metric marketed and researched to distinguish high-quality red light products from other companies' products is the measurement of a light's "irradiance".

23.     Defendant Platinum is a red-light therapy company that produces red light LED panels and is a direct competitor of Plaintiff Mito Red. Defendant Sawyer is the CEO, manager, and principal agent of Platinum.

**Defendants Launch Their Defamation Campaign Against Plaintiffs.**

24.     Plaintiffs launched their online marketing campaign for their commercial-level Mito Red branded products in or about August 2020.

25.     An affiliate of Platinum, Mito Red, and other leading red light therapy companies, informed Plaintiff Chaverri that Mito Red was making waves in the red light industry, and, at the same time, forming enemies—specifically, Defendants Sawyer and Platinum.

26.     Due to Mito Red's online presence and positive consumer attention, Plaintiffs' campaign's success caught the attention of Defendants Sawyer and Platinum.

27.     On August 31, 2020, Defendants Sawyer and Platinum registered the www.redlighttherapyexposed.com (the "Red Light Website").

28.     Thereafter, on October 27, 2020, Defendants published a false and defamatory blog targeting Mito Red on Platinum's own website, titled "Myth Busted:

4

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

Settling The 3-Watt VS 5-Watt LED Debate", located at the following link: https://platinumtherapylights.com/blogs/news/myth-busted-settling-the-3-watt-vs-5-watt-led-debate (the "Myth Busted Blog").

29.   On December 15, 2020, Defendants, under the username "Jeremy Spencers," posted a video to YouTube, which they titled "Exposed! MitoRed 1500 Red-light Therapy" (the "Video"). A link to the Video is contained here: https://www.youtube.com/watch?v=MaiKfk6chuY&t=1s.

30.   On April 19, 2021, Defendants, under the same name used to publish the defamatory Video, i.e., "Jeremy Spencer," published the first blog on the Red Light Website after republishing the Video.   However, the Video is still the only video "review" under the "Exposed Videos" section on the Website and is clearly not an objective, neutral, third-party review website.

31.   On May 24, 2021, Defendants published a defamatory blog on the Red Light Website titled "Mito Red Light Therapy Scam: What Are They Lying About?" (the "Scam Blog"), which contains additional False Statements about Mito Red. The Scam Blog is located at the following link:   https://redlighttherapyexposed.com/?s=Mito+Red.

32.   Plaintiffs also recently discovered another webpage called "Red Light Therapy Exposed" on Facebook (the "Facebook Page") which is located at the following link: https://www.facebook.com/Red-Light-Therapy-Exposed-103135895265053/?ref=page_internal.

33.   Moreover, Platinum and Sawyer continue to defame Plaintiff Mito Red in emails to customers in response to their inquiries about Mito Red's competitive products.

34.   For example, Platinum and Sawyer published defamatory statements to customers in emails by telling them that Mito Red fabricates statistics, uses different LEDs than claimed, and that the lights are cheap and/or low quality knockoffs of Platinum's lights.

35.   All of the false and defamatory statements contained within the above

5

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

websites and blogs are collectively referred to herein as the "False Statements".

**Defendants Published The Defamatory Mito Red "Exposed" Video.**

36.     Plaintiffs issued a subpoena to YouTube to identify the person behind the "Jeremy Spencer" YouTube account and Video.

37.     Google owns YouTube, and as part of Google's routine process of responding to subpoenas Google notified its user of the subpoena stating that it would produce information to Plaintiffs unless the user filed a motion to quash or other objection, and that the user should contact Plaintiffs' local counsel in California who served the subpoena upon Google.

38.     The user then emailed Plaintiffs' local California counsel, revealing that the true identity of the "Jeremy Spencer" YouTube account and publisher of the Video is Defendant Volkin, CEO of Defendant Volkinator.

39.     Volkin markets himself on his website "mikevolkin.com" as a "marketing leader" who "specializes in helping businesses with a social purpose scale" with "[s]trategic elements and tactical execution", among other marketing services.

40.     Weeks after Volkin's email, YouTube produced information showing that the Video was published by a YouTube user with the Gmail address of redlighttherapyexposed@gmail.com.

41.     Upon information and belief, Defendants Volkin and/or Volkinator created, owns, and/or controls the redlighttherapyexposed@gmail.com email address, which was used to publish the Video, and which contains substantial false and defamatory statements about the Plaintiffs.

42.     Upon information and belief, Defendants Volkin and Volkinator, expert marketers, were hired by Defendants Platinum and Sawyer, and they agreed to engage in a strategic defamation campaign online designed to ruin Plaintiffs' professional reputations and to divert Plaintiffs' customers away from their products and to Platinum's competitive products.

6

43.    Although Defendants initially created the impression that the Video was a neutral review or critique of a Mito Red product, it instead was a five minute and sixteen second monologue created by Defendants, layered with the False Statements about Mito Red's products and Mito Red in general, and portrayed Mito Red in a false light. The False Statements were then used to compare Mito Red's red-light panels to Platinum's competitive red-light panels.

44.    At all times before and during the publication of False Statements, Defendants knew or were aware that Scott Chaverri is the CEO of Mito Red.

45.    Plaintiff Chaverri's name is, and at all times has been, posted on the Mito Red website in the "About Us" section. A link to the "About Us" section is contained here: https://mitoredlight.com/pages/about-us.

46.    Additionally, a Google search of "Mito Red Light CEO" shows numerous search results describing Plaintiff Chaverri (including one with his headshot) as the CEO of Mito Red, along with numerous publicly available business profiles identifying him as the founder or CEO of Mito Red, including on LinkedIn.

47.    The Video created by the Defendants states that Platinum's products are the "benchmark" for which all other red-light therapy products are compared to.

48.    The False Statements in the Video include, but are not limited to, the following:

a.  "Mito Red literally ripped off their [Platinum's] design."

    i.   This statement is blatantly false and defamatory. Mito Red's products were created independently from Platinum's products and other direct competitors' products.

b.  "Leaders come first and then all the followers. **Mito Red here is the follower.**"

    i.   The statement at issue is bolded. The preceding statement is included solely for contextual purposes.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

7

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

  ii. The bolded statement is false and misleading. Although Mito Red is a newer red-light therapy company, Mito Red has created its own products and branding that do not "follow" the products of others. This statement misleads viewers to believe that Mito Red branded itself and its products off of the hard work of other red-light therapy companies, specifically Platinum.

c. "They literally took the framing construction of the Platinum LED lights and just changed the logo on the side. Other than that, it's the exact same as far as a construction standpoint."

  i. This statement is false and defamatory and leads consumers to believe that Mito Red misappropriated Platinum's products and/or design elements. Mito Red did not "take" or misappropriate anything from Platinum's products and there is no copying whatsoever. Mito Red's products were created independently from Platinum's products.

d. "As you can clearly see here, the bulbs are 3 watts, not 5 watts as identified on their website."

  i. This statement is false. The bulbs in Mito Red's products are truthfully advertised on Mito Red's website, as 5 watts.

e. "This is a blatant lie on their website, and just further proves the scams that you see in the red light industry."

  i. This statement is false and misleading. Defendants are attempting to identify Mito Red as a company in the red-light therapy industry that lies to its customers and "scams" its consumers. Mito Red does not, nor has Mito Red ever, lied on its website regarding its products or scammed customers.

8

f. "**So what we have here is a ripped off design** with subpar components."

      i. <u>The statement at issue is bolded. The subsequent statement is included solely for contextual purposes</u>.

      ii. The <u>bolded</u> statement is blatantly false and defamatory. Mito Red's products were created independently from Platinum's products and it constructed with high-quality components; Mito Red's products are not "ripped off." <u>Although "subpar components" may constitute an opinion, to the extent it is categorized as a statement of fact, Mito Red does not utilize "subpar" (i.e., below average) components in its products.</u>

g. "**So they're trying to pass themselves off as you know a Platinum LED, which is the most powerful light on the market by my testing**, and they're trying to give the appearance that they have that capability, but you can see it is clearly not the same thing."

      i. The statement at issue is bolded. The subsequent statement is included solely for contextual purposes.

      ii. The <u>bolded</u> statement is false and defamatory. Mito Red is not trying to "pass themselves off as" Platinum or otherwise misappropriate Platinum's products. Mito Red created a completely separate brand and product line independent of Platinum. Mito Red has no intention of trying to look like Platinum or market itself as the same product as Platinum, but actually intended the exact opposite—to create a distinctive and superior red-light therapy brand and product line in the competitive red-light therapy industry.

h. "Hopefully, from a legal perspective they will get caught."

      i. This statement is very misleading. It gives the false

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

9

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

impression that Mito Red has done something illegal or has acted in a way to warrant being "caught" or investigated by authorities. Mito Red has *not*, in any way, participated in any illegal conduct that would warrant Mito Red to be investigated.

    i. "They are underreporting considerably two-thirds of what they're saying, further proof that Mito Red is a product that you should avoid."

        i. This statement is blatantly false and misleading. MitoRed is not "underreporting" any information, and all of its advertising is truthful and not misleading. Defendants baselessly encourage viewers to "avoid" MitoRed and its products for unsubstantiated and false reasons.

49.    Not only do Defendants blatantly state that Plaintiffs are lying to consumers about their product, but also accuse Plaintiffs of essentially stealing and exploiting Platinum's products and operating a "scam".

50.    The Defendant in the Video claims that he has more videos that review other red-light therapy products and brands, but curiously, the Video is the only one listed on the Defendants' YouTube account.

51.    A viewer of the Video, Rachelle Gura, even commented the following: "You mention other videos but I only see this one on your channel."

52.    As of August 18, 2021, the Video has been viewed by over 6,185 persons and was commented on over 20 times in a mere few months, which is highly unusual.

53.    The Defendants are clearly trying to hoodwink consumers into thinking the Video is an objective "review" of Mito Red's product. However, the contents of the Video are defamatory and were posted for the singular purpose of defaming Plaintiff Mito Red and harming its reputation and business.

54.    <u>Not surprisingly, Defendants are aware that there is a better and more</u>

10

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

accurate method of objectively comparing Defendant Platinum's products with the products of other companies.

55.     On June 1, 2019, Platinum published a YouTube video of a "side by side comparison" of Platinum's BIOMAX 600 panel and Joovv, Inc.'s Solo panel ("Joovv Video"), which is permanently published on Platinum's website homepage. Defendant Sawyer stands in front of both panels and conducts the side-by-side measurements.

56.     This is not the best approach or method to compare red light products, but it clearly demonstrates that Defendants are aware that the comparison Video of Mito Red's product does not come close to the more objective comparison conducted in the Joovv Video.

57.     Defendants' use of inconsistent testing methods when comparing competitive products to Platinum's is deceptive.

58.     Based on viewers' comments on the Video of Mito Red's product, Defendants have succeeded in their ploy to turn consumers away from Mito Red and its products, and towards other red-light therapy competitors, specifically Platinum.

59.     One consumer commented: "Was fixing to bite on the 1500 over the platinum LED 900. Platinum 900 it is!"

60.     In response to reading and believing the False Statements, Plaintiffs began receiving inquiries from potential customers asking whether Mito Red is a "scam".

61.     Consumers confirmed with Chaverri that agents of Platinum were disseminating false information to prospective customers.

**Defendants Publish a Fake "Review" Site and Scam Blog to Injure Plaintiffs.**

62.     Shortly after discovering the Video, Plaintiff Chaverri discovered "redlighttherapyexposed.com", the Red Light Website.

63.     Plaintiffs issued a subpoena to NameSilo, the registrar for the Red Light Website, and discovered that Defendants Platinum and Sawyer registered, paid for, and own this website.

11

64.     Defendants Platinum and Sawyer also registered, paid for, and own the second Website, "mitoredlightexposed.com", which appears to be created solely in furtherance of Defendants defamation campaign; however, currently there is no content published on this Website.

65.     The <u>Red Light</u> Website, just as the Video attempted to do, is self-identified as a "source for honest and unbiased reviews of home based red light therapy products", but it is a veiled instrumentality of Defendants' defamation campaign. Notably, before April 2021, the Website included no "reviews" and solely contained the Video as its sole "source" of information.

66.     The Scam Blog contains additional False Statements about Mito Red, including, but not limited to, all of the following statements:

    a.   "Mito Red Lights aren't providing the same strength as they said."

          i.   This statement is false. Mito Red publishes several different data points when it comes to the power of its devices. The most important and unbiased data is the independent testing data from a lab in Colorado.

         ii.   Mito Red also includes the "rated power," the power consumption, and the peak irradiance as measured with widely available solar meters. However, Mito Red, unlike other therapy light companies, also explains that the solar meter readings are generally inaccurate and biased in favor of higher ratings. Mito Red solely publishes the solar meter readings as a comparison point for consumers to make informed decisions on its products.

    b.   "The [Mito Pro 1500] device is said to provide a certain strength of light by using 5-watt chips in the light, but after dissecting the device, you will see that cheap 3-watt chips have been used in that light. Which makes the

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

device way weaker, and cheaper too. So, the customers are getting a lot less than they paid, and getting brutally scammed."

    i.    These statements are blatantly false. Firstly, Mito Red's consumers are not being "brutally scammed" or getting "a lot less than they paid." Consumers pay for 5-Watt bulb red light panels, and that is exactly what they get.

    ii.    Secondly, as mentioned above, the Mito Pro 1500 device is manufactured with 5-Watt bulbs and does not feature "cheap 3-watt chips."

    iii.    Thirdly, using a 3-Watt bulb does not, by itself, make a device weaker or cheaper. The LED size is one design input of a therapy light device, among others such as quality of the LEDs, beam angle, the number of LEDs, spacing of the LEDs, etc. To focus on the specific inputs is misleading. The irradiance and strength of light emitted by the light panel is a combination of multiple design inputs, which Defendants conveniently omitted from their statements.

c.   "Sketchy Warranty. Even though Mito Red Lights claim to provide a certain amount of warranty for their devices which is up to 3 years, at times their policy page on the website says otherwise about the warranty of each product….you might just get scammed while you want to redeem the warranty after years of buying it. They might not provide the full warranty after all, by showing you the loopholes created in their website."

    i.    This statement is false and misleading. Mito Red has no loopholes on the Website, especially those intended to scam consumers out of their warranty. Mito Red's warranty terms are clearly stated at https://mitoredlight.com/policies/refund-

13

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

policy, which is located at the "Warranty / Returns" link at the bottom of the home webpage.

    ii.    Along with the warranty link, Mito Red also provides a hard copy user manual with each purchased device, which clearly states the warranty terms. The warranty terms do not change without notice to consumers. Consumers do not get scammed. Mito Red honors the warranty terms stated when its products are purchased.

    d.    "Design. The design of the Mito Red Lights devices is not unique either, **they mostly take the designs of their competitors' devices and then use that in their own devices. And they are not providing the customers with anything new with an act like that**"

    i.    The statement at issue is bolded. The preceding statement is included solely for contextual purposes.

    ii.    The bolded statement is false. Mito Red independently created all of its products and this statement creates the impression that Mito Red misappropriates competitor's, i.e., Platinum's products.

    iii.    Specifically, in comparison to Platinum's products, the products are completely different. The housings are different sizes, made of different material, and have different finishes. The vents look completely different and the control panels look and function differently. The LED lights Mito Red uses in its products are unique and distinct. The only similarities between Mito Red and Platinum's products are that the panels contain red and NIR LEDs.

67.    Upon information and belief, Defendants are trying to confuse consumers

14

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

and create the appearance of neutrality and intentionally veiled the Videos, Scam Blog, and the Red Light Website as platforms for "unbiased" information and neutral critiques.

68.     The Red Light Website is simply another way for Defendants to drive consumers to view the Video and cause Mito Red serious reputational harm.

**Defendants Publish the Defamatory Myth Busted Blog on Platinum's Website.**

69.     The Myth Busted Blog contains numerous and substantial false and defamatory statements about Plaintiff Mito Red, all of which were published by Defendants Platinum and Sawyer on Platinum's *own* website.

70.     The False Statements on the Myth Busted Blog include all of the following statements:

a.     That Mito Red's 900w Panel produces only "103 mW/cm2" when measured 6 inches from its light.

i.     The statement is false because Mito Red's 900w Panel produces 150 mW/cm2 when measured 6 inches from its light, approximately 50% greater than what Platinum represents.

b.     That Mito Red's 900w Panel produces only "79 mW/cm2" when measured 12 inches from its light.

i.     The statement is false because Mito Red's 900w Panel produces 102 mW/cm2 when measured 12 inches from its light.

71.     Moreover, even *if* Platinum's measurements in this single instance were in fact consistent with these figures, the False Statements are still defamatory and present Chaverri in a false light because they:

a.     portray Mito Red's 900w Panel as being less powerful than they actually are;

b.     portray Chaverri as lying about Mito Red's irradiance measurements;

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

  c. omit the material fact that Mito Red's 900w panel uses 120 *less* LEDs than Platinum's comparative lights, and cost almost half the price.

72. Additionally, the Myth Busted Blog falsely misrepresents that their so-called "test" they performed was conducted in an accurate, reliable, scientific, or neutral manner.

73. For example, Platinum's images contained within the Myth Busted Blog demonstrate the following failures in their "test":

  a. the alleged measurement at 6 inches is improperly being measured at the edge of the panel and is not being measured from the center;

  b. a wooden ruler is obscuring the sensor on the front of the measurement device thereby impeding the measurement; and

  c. the image depicting the measurement at 12 inches fails to show the actual distance of the panel and the panel is not even in view.

74. Additionally, there is no way to tell in the Myth Busted Blog or Video whether or not the "test" was conducted while Mito's product's infrared light was turned on. Because infrared light cannot be seen with the naked eye, the only way to demonstrate that the infrared light was on during the "test" is if the control panel was shown. However, the Video and Myth Busted Blog both conveniently never depicted the control panel during the "test."

75. If the infrared light was off during the "test," it would explain the extreme difference between the accurate data Plaintiffs advertised and the false data Defendants published.

76. Furthermore, the device Platinum used in its comparison in the Myth Busted Blog and Video is not the most accurate device used to measure irradiance—the most important comparative metric.

77. However, even if the proper device was used, the measurements would unquestionably read much higher if the testing was performed accurately.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

78.     Therefore, the "product testing" purportedly performed by Defendants is unreliable, contradicted by the facts, and invalid.

**Defendants Created a Defamatory Facebook Page as Part of Their Campaign.**

79.     Defendants created the Facebook Page for the sole purpose of driving web traffic and prospective customers to the Video, in order to cause Plaintiffs additional reputational harm.

80.     The Facebook Page *admits* that the page creator was also the creator of the defamatory YouTube Video identified above:

> "This page along with my YouTube channel provides honest reviews of red light therapy products. Given the vast array of red light therapy products and the huge difference in quality from manufacturers, I aim to dispel the myths that encompass."

81.     The Facebook Page also includes multiple links to the defamatory Red Light Website (redlighttherapyexposed.com), including within the "About" owner profile summary.

82.     The Facebook Page was created solely and exclusively for the purpose of furthering Defendants' defamation campaign against Plaintiffs and disseminating the False Statements.

83.     Plaintiffs have spent excessive amounts of money on search engine optimization so that consumers do not automatically see the defamatory Video, Website, or Facebook page when researching Mito Red's products. However, as of May 2021, the Video still showed up as the first video seen when searching Mito Red products on Google.

84.     Plaintiffs have engaged in substantial marketing efforts to combat Defendants' conduct including, but are not limited to, a rebuttal video disproving the False Statements made by Defendants, Internet influencer and athlete partnerships, Google advertisements, Search Engine Optimization ("SEO"), content writing, testimonials, and affiliate marketing.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

85.     Upon information and belief, Defendants are using the False Statements and aforementioned website and blogs as part of their negative SEO efforts to cause the False Statements to rank higher in Google Search results than Plaintiffs' own content, and cause red-light therapy consumers to be diverted away from Plaintiffs' products and towards Platinum's, with the objective of ultimately driving Plaintiffs out of the red-light therapy industry.

86.     Due to Defendants' tortious conduct, Plaintiffs have devoted substantial time and resources to combatting the False Statements.

87.     As a direct and proximate result of Defendants' tortious conduct, Plaintiffs have sustained, and will continue to sustain, general and special damages.

**COUNT I—FALSE ADVERTISING AND UNFAIR COMPETITION UNDER THE LANHAM ACT § 43(A)(1)(B), 15 U.S.C. § 1125**

88.     All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

89.     Defendant Platinum, Plaintiff Mito Red, and Joovv, Inc. are among the most prominent red light therapy companies in the industry.

90.     Defendants directly compare Plaintiff Mito Red's products with those offered by Mito Red's direct competitors, specifically Platinum's products, who has been identified as one of the persons behind the False Statements.

91.     The False Statements published on the Internet promote Platinum's products over the products that are offered by Plaintiffs.

92.     The False Statements are literally false, as well as misleading and deceptive.

93.     By publishing the False Statements in connection with advertising Platinum's products, Defendants made false factual statements in a commercial advertisement about the products offered by Mito Red, as well as Mito Red's

competitors.

94.    The False Statements have the tendency to deceive a substantial segment of its audience because the False Statements are literally false.

95.    The False Statements are likely to influence the purchasing decision of viewers because no consumers would be inclined to seek out Mito Red's products over Platinum's products if the False Statements are understood to be true or substantially true.

96.    Defendants falsely disclose in their "review" that they are not paid for reviews and are unbiased in their analysis of Mito Red**'s** products; however, Defendant Platinum is a direct competitor of Mito Red and, therefore, is a biased source of information and benefits when consumers are directed away from Mito Red products to Platinum products.

97.    Upon information and belief, Defendants failed to disclose that they have a direct financial incentive as a direct competitor of Mito Red when they published these False Statements about Mito Red's products.

98.    Upon information and belief, Mito Red has suffered a direct loss due to Defendants' conduct, including, but not limited to, lost revenue, a loss of competitive advantage, and harm to reputation.

99.    By publishing the False Statements on the Internet, Defendants caused the Statements to enter interstate commerce.

100.    As a direct and proximate cause of Defendants' publishing the False Statements, which contain literally false factual statements, it is presumed as a matter of law that Mito Red has been and/or are likely to be injured, either by direct diversion of sales or by a lessening of the goodwill associated with Mito Red's products.

101.    Defendants published the False Statements with the intent to injure Mito Red and/or with conscious disregard of the rights of Mito Red.

102.    Mito Red is unable to quantify all of the lost revenue or assign an exact dollar value to the loss of goodwill associated with Mito Red's products.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

103.   Accordingly, because Defendants disseminated willfully deceptive, comparative advertising, Mito Red's actual damages are presumed, and Defendants bear the burden of demonstrating that their profits are not due to the Statements.

104.   Mito Red is entitled to recover its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117; Mito Red is also entitled to disgorgement of Defendants' profits received from their false advertising.

105.   It is impossible to quantify and/or assign a dollar value to the harm caused to Mito Red's reputation or goodwill, as well as quantify a substantial portion of the sales or opportunities that were lost, as a result of the False Statements; accordingly, the harm caused by the False Statements is irreparable, and Mito Red has no adequate remedy at law.

106.   Mito Red will continue to suffer irreparable harm if Defendants are not enjoined from making the False Statements; therefore, Mito Red seeks injunctive relief.

107.   As a direct and proximate result of the Defendants' conduct, Mito Red has sustained, and will continue to sustain, immediate and irreparable harm, including, but not limited to, damage to reputation, loss in revenue, loss of profits, loss of goodwill, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and expectancy.

**COUNT II—DEFAMATION AND DEFAMATION PER SE**

108.   All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

109.   The False Statements made by Defendants are about and concerning Plaintiff Mito Red.

110.   Without privilege, Defendants communicated the False Statements to at least one third party via the Internet.

111.   Third parties have listened to, viewed, and responded to the False Statements published through the Internet.

20

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

112.   Given the manner in which the False Statements were shared, it is evident that the False Statements have been shared with the third parties with malice, spite, or ill will and with the intent of causing harm to the reputation and economic interests of Mito Red.

113.   The False Statements shared by Defendants impeach the honesty, integrity, or reputation of Mito Red.

114.   The False Statements bring Mito Red into disrepute, contempt, or ridicule.

115.   The False Statements made by Defendants constitute defamation per se because they accuse Mito Red of operating a "scam", and fraudulently marketing their products, and therefore general damages are presumed as a matter of law.

116.   In making and sharing the False Statements, Defendants had knowledge of or acted in reckless disregard as to the falsity of the False Statements.

117.   Defendants shared the False Statements knowing that they would result in pecuniary loss, as well as irreparable harm.

118.   As a direct and proximate result of Defendants sharing the False Statements, Mito Red has sustained, and will continue to sustain, immediate and irreparable harm and injury including, but not limited to, damage to reputation, losses in revenues, loss of profits, loss of goodwill, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

119.   Upon information and belief, Mito Red has suffered a direct pecuniary loss as the result of the publication of the False Statements.

120.   Mito Red has suffered general and special damages in an amount to be proven at trial.

121.   In making and sharing the False Statements, Defendants acted maliciously, willfully, wantonly, and unlawfully.

122.   For such willful and malicious acts, Mito Red hereby seeks punitive

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

damages in addition to actual damages.

123.    Defendants' acts, omissions, conduct, and transactions alleged herein were aggravated, outrageous, and guided by evil motives wherein Defendants intended to harm Mito Red and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Mito Red.

124.    To dissuade Defendants from pursuing a similar course of conduct in the future and to discourage other persons from similar conduct in the future, an award of punitive damages should be awarded against Defendants in the sum of sufficient magnitude to punish Defendants and to deter similar conduct by others.

### COUNT III—FALSE LIGHT INVASION OF PRIVACY

125.    All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

126.    In making and sharing the False Statements, Defendants caused Plaintiff Chaverri, as CEO and principal agent and operator of Mito Red, to be portrayed out of context and in false light, as a scammer who operates an illegitimate business.

127.    The False Statements include statements about and concerning Chaverri.

128.    Defendants communicated the False Statements to third parties via the Internet.

129.    Defendants' False Statements are and would be highly offensive to a reasonable person and have been shared with a least one third party with the apparent intent of causing harm to Chaverri.

130.    In making and sharing the False Statements, Defendants knew the False Statements were false or acted in reckless disregard as to the falsity of the False Statements.

131.    As a direct and proximate cause of the conduct by Defendants, Chaverri has suffered, and will continue to suffer, humiliation, extreme emotional distress, anxiety,

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

depression, stomach aches, headaches, lack of sleep, lack of a desire to eat, emotional pain and suffering, anguish, and loss of self-esteem.

132.   In making and sharing the False Statements, Defendants acted maliciously, willfully, wantonly, and unlawfully.

133.   For such willful and malicious acts, Chaverri hereby seeks punitive damages in addition to actual damages.

134.   Defendants' acts, omissions, conduct, and transactions alleged herein were aggravated, outrageous, and guided by evil motives wherein Defendants intended to harm Chaverri and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Chaverri.

135.   To dissuade Defendants from pursuing a similar course of conduct in the future and to discourage other persons from similar conduct in the future, an award of punitive damages should be awarded against Defendants in the sum of sufficient magnitude to punish Defendants and to deter similar conduct by others.

### COUNT IV—TORTIOUS INTERFERENCE WITH CURRENT AND PROSPECTIVE BUSINESS RELATIONSHIPS

136.   All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

137.   Mito Red has existing business relationships with individuals, entities and organizations relating to their businesses.

138.   Mito Red has a reasonable expectation of future business relationships with existing colleagues, prospective fans, and others with whom Mito Red does business or with whom Mito Red may reasonably expect to do business. This expectancy is based, in part, on the considerable time, energy, and resources it takes to develop the goodwill and reputation associated with Mito Red's reputation.

139.   At all material times hereto, Defendants were aware of Mito Red's existing and/or prospective business relationships.

23

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

140.    Upon information and belief, Defendants intentionally and/or purposefully interfered with Mito Red's existing and prospective relationships by unlawfully making the False Statements.

141.    Defendants communicated the False Statements to at least one third party via the Internet.

142.    As a direct and proximate result of the Defendants' conduct, Mito Red has sustained, and will continue to sustain, immediate and irreparable harm and injury including, but not limited to, damage to reputation, losses in revenues, loss of profits, loss of goodwill, loss of business relations with existing and future business prospects, and loss of competitive business advantage, opportunity, and/or expectancy.

143.    Upon information and belief, Mito Red has suffered a direct pecuniary loss as the result of the publication of the False Statements.

144.    Plaintiffs have suffered general and special damages in an amount to be proven at trial.

145.    In making and sharing the False Statements, Defendants acted maliciously, willfully, wantonly, and unlawfully.

146.    For such willful and malicious acts, Mito Red hereby seeks punitive damages in addition to actual damages.

147.    Defendants' acts, omissions, conduct, and transactions alleged herein were aggravated, outrageous, and guided by evil motives wherein Defendants intended to harm Mito Red and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Mito Red.

148.    To dissuade Defendants from pursuing a similar course of conduct in the future and to discourage other persons from similar conduct in the future, an award of punitive damages should be awarded against Defendants in the sum of sufficient magnitude to punish Defendants and to deter similar conduct by others.

**COUNT V – AIDING AND ABETTING**

149.   All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

150.   Upon information and belief, each Defendant was aware of the tortious nature of the conduct that each Defendant engaged in by publishing the False Statements on the Internet.

151.   Upon information and belief, each Defendant knowingly and intentionally aided and abetted each other to damage Plaintiffs, as well as engage in the other tortious conduct alleged herein, by providing substantial assistance and/or encouragement to each other as alleged herein.

152.   The Defendants have knowingly and purposefully enabled each other to engage in the tortious conduct described herein.

153.   As a direct and proximate result of the conduct of the Defendants, Plaintiffs' have suffered substantial reputational harm and expended substantial resources to combat the Defendants' online defamation campaign.

154.   Defendants' conduct was intentional, malicious, and done for the purpose of causing injury to Plaintiffs.

155.   For such willful and malicious acts, Plaintiffs hereby seek punitive damages in addition to actual damages.

156.   Defendants' acts, omissions, conduct and transactions alleged herein were aggravated, outrageous, and guided by evil motives wherein Defendants intended to harm Plaintiffs and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiffs.

157.   To dissuade Defendants from pursuing a similar course of conduct in the future and to discourage other persons from similar conduct in the future, an award of punitive damages should be awarded against Defendants in the sum of sufficient magnitude to punish Defendants and to deter similar conduct by others.

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT VI – CONSPIRACY**

158.    All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

159.    As evidenced by the manner in which the Defendants engaged in the tortious conduct described herein, and as the subpoenaed records show, Defendants have knowingly agreed and conspired to engage in the tortious conduct described herein for their own mutual benefit.

160.    As a direct and proximate result of the conduct of the Defendants, Plaintiffs' have suffered substantial reputational harm and expended substantial resources to combat the Defendants' online defamation campaign.

161.    Defendants' conduct was intentional, malicious and done for the purpose of causing injury to Plaintiff.

162.    For such willful and malicious acts, Plaintiff hereby seeks punitive damages in addition to actual damages.

163.    Defendants' acts, omissions, conduct alleged herein were aggravated, outrageous, and guided by evil motives wherein Defendants intended to harm Plaintiffs and/or consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiffs.

164.    To dissuade Defendants from pursuing a similar course of conduct in the future and to discourage other persons from similar conduct in the future, an award of punitive damages should be awarded against Defendants in the sum of sufficient magnitude to punish Defendants and to deter similar conduct by others.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

A.      For a permanent injunction enjoining Defendants from publishing False Statements pertaining to Plaintiffs;

B.      For a permanent injunction enjoining Defendants from publishing any other

RM WARNER, PLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
Telephone: (480) 331-9397

defamatory material pertaining to Plaintiffs to any third party;

C.   For a permanent injunction ordering Defendants to remove the False Statements from the Internet;

D.   For a permanent injunction ordering Defendants to cancel the redlighttherapyexposed.com and mitoredlightexposed.com websites' domain registrations, unless it is repurposed for a legitimate business purpose;

E.   For disgorgement of profits received by Defendants;

F.   For general, special, and punitive damages in an amount to be proven at trial;

G.   For Plaintiffs' reasonable attorneys' fees incurred and court costs, plus prejudgment and post-judgment interest at the statutory rate from the date of judgment until paid;

H.   For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 1st day of November, 2021.

**RM WARNER, PLC**

By:    /s/ Raeesabbas Mohamed, Esq
Raeesabbas Mohamed, Esq.
8283 N. Hayden Road Suite 229
Scottsdale, Arizona 85258
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2021, I electronically transmitted the foregoing document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Tamera C. Shanker, Esq.
The Shanker Law Firm, PLC
700 E. Baseline Road, Bldg. B
Tempe, Arizona 85283

and

Bennet G. Kelley, Esq.
Internet Law Center, Ltd.
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
*Attorneys for Defendants*

/s/ Anne E. Griffith