Tamera C. Shanker (Bar # 016016)
THE SHANKER LAW FIRM, PLC.
700 E. Baseline Road, Bldg. B
Tempe, Arizona 85283
Phone: (480) 838-9300
Facsimile: (480) 838-9433
info@shankerlaw.net

Bennet G. Kelley (*Pro Hac Vice*)
Internet Law Center Ltd.
100 Wilshire Blvd. Suite 700
Santa Monica, CA 90401
Phone: (310) 452-0401

Attorneys for Defendants Platinum LED Lights, LLC;
Mark Sawyer; Michael Volkin; and Volkinator Enterprises, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Chaverri, an individual; and Mito Red Light, Inc., an Arizona Corporation<br><br>Plaintiffs,<br><br>v.<br><br>Platinum LED Lights, LLC; a Florida limited liability company; Mark Sawyer and Jane Doe Sawyer, individuals; Michael Volkin and Jane Doe Volkin, individuals; and Volkinator Enterprises, Inc., a California corporation<br><br>Defendants. | Case No. 2:21-cv-01700-SPL<br><br>**PLATINUM DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**<br><br>**DECLARATION OF BENNET KELLEY FILED CONCURRENTLY HEREWITH**<br><br>**(Honorable Steven P. Logan)**<br><br>**ORAL ARGUMENT REQUESTED** |

    Defendants Platinum LED Lights, LLC, Mark Sawyer, Michael Volkin and Volkinator Enterprises, Inc. (collectively the "Platinum Defendants") hereby submit this Opposition to Plaintiff's Motion for an Award of Attorneys' Fees stemming from its Motion

OPPOSITION TO FEE APPLICATION    - 1 -    **INTERNET LAW CENTER LTD.**
100 WILSHIRE BLVD SUITE 700, SANTA MONICA, CA 90401
WWW.INTERNETLAWCENTER.NET

to Strike the Platinum Defendants' Motion to Dismiss the First Amended Complaint for failing to meet and confer pursuant to LRCiv 12.1.

### *The Motion to Strike Was Unnecessary*

As outlined in the Platinum Defendants' Opposition to the Motion to Strike, on October 18, 2021 counsel for the parties discussed a proposed stipulation under which the Platinum Defendants would withdraw its Motion to Dismiss to further facilitate a meet and confer process.  The Platinum Defendants were willing to enter into such a stipulation, as it had no objection to engaging in a meet and confer and had only filed its Motion to Dismiss since I had not received a response to its September 28, 2021 letter ("September Letter") outlining the deficiencies with the First Amended Complaint.  (Declaration of Bennet Kelley at ¶ 2 (hereinafter "Kelley Decl.").)   The Platinum Defendants, however, had an issue with Plaintiffs' condition that it would only "provide a written response to the issues identified in the Motion and/or the proposed amendments to be made, on or before October 29".  (*See* Doc.14-4 at pg. 5.)

This proposal was over a month after the September Letter and three days after its response to the Motion to Dismiss was due.  When the Platinum Defendants' requested that Plaintiff's counsel explain why such a long period was required, he offered no satisfactory explanation. (See Opposition to Motion to Strike at Pg. 4:1 – 5:7.)

For example, one of the claims asserted in the First Amended Complaint, was a claim of intentional infliction of emotional distress by Plaintiff Scott Chaverri for statements made not about him but about his company. (FAC at ¶¶ 137-141.)  The Platinum Defendants had addressed the claim in its September 28th letter and pointed out in detail why this claim had no merit in its Motion to Dismiss given the requirements that the alleged conduct be "extreme" and cause "severe emotional distress,"[1]  but, despite presumably having read the

---

[1] Under Arizona law, to state a claim for intentional infliction of emotional distress, a Plaintiff must allege that:  (1) "the conduct by the defendant must be 'extreme' and 'outrageous'"; (2) "the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that

OPPOSITION TO FEE APPLICATION          - 2 -

Motion to Dismiss, the position of Plaintiff's counsel was that it could not say whether he would be able to amend such a specious claim for another eleven days. In fact, once the meet and confer process between the parties was engaged after the Motion to Strike, counsel agreed to drop this claim in the first phone call without hesitation. (Kelley Decl. at ¶ 4.)

Had Plaintiffs simply indicated that it anticipated that an amendment may be required but wanted time to spell this out, the Platinum Defendants would have agreed to such a proposal immediately. (Id. at ¶ 5.) When Plaintiffs could not explain why it needed eleven days to simply begin the meet and confer process, the Platinum Defendants suspected that Plaintiffs' were seeking to stall the matter before seeking a remand to state court.

In addition, counsel also offered, in lieu of a stipulation, that should Plaintiff truly "wish to discuss the matter, I am happy to extend the time for your client's response to extend the time for Plaintiff's response to the Motion to Dismiss" to permit the meet and confer Plaintiff claims to have desired. (Doc. 14-4 at pg 8.). This too was ignored.

Plaintiffs' own billing record reveal that most of the work on the Motion to Strike was completed before Plaintiffs' counsel contacted the Platinum Defendants about the Stipulation. It is now evident that rather than reaching out to avoid the necessity of a Motion to Strike, Plaintiffs instead proposed an unreasonable stipulation to facilitate both the Motion to Strike and this current motion.

At no time did the Platinum Defendants' close the door to a meet and confer process with Plaintiffs. Had Plaintiffs' counsel simply offered a more reasonable time period, the motion would have been unnecessary as the Platinum Defendants' would have agreed to such a stipulation. (Kelley Decl. at ¶¶ 3-5.)

---

such distress will result from his conduct"; and (3) "severe emotional distress must indeed occur as a result of defendant's conduct." *Citizen Publ'g Co. v. Miller*, 115 P.3d 107, 110 (Ariz. 2005) (en banc) (quoting *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987)); *accord Thorp v. Home Health Agency—Ariz., Inc.*, 941 F. Supp. 2d 1138, 1140 (D. Ariz. 2013).

OPPOSITION TO FEE APPLICATION                 - 3 -

### *Attorneys' Fees Are Not Warranted*

The award of attorneys' fees in this case is discretionary and not warranted here.

Plaintiff attempts to paint a false picture of the Platinum Defendants' trying to rush ahead with a Motion to Dismiss while its lead counsel was on vacation. (Doc. 22 Pg. 3:1-4.) As indicated in their Opposition to the Motion to Strike, the Platinum Defendants were not aware of Mr. Mohamed's vacation plans, as the email from Ms. Griffith (whom had no prior correspondence with Defendants) went to Mr. Kelley's bulk folder and he did not learn of it until the Motion to Strike was filed. (Kelley Decl. at ¶ 6.) Had this email been received, counsel would have sought an extension in order to permit a meet and confer process, as he has several times already in this case. (Kelley Decl. at ¶ 6.)

In addition, Mr. Kelley's thirty-one year career has been marked by service to the bar with leadership positions in the California Bar for much of the last fifteen years and not once has he ever been sanctioned or even admonished by any court. (Id. at ¶¶ 7-8 .)

The Platinum Defendants' concede that the September letter was overly snarky and is appropriately chastened by the Court's decision, but it was in reaction to what was perceived as the particularly frivolous claims asserted by Plaintiff Scott Chaverri. (Id. at ¶ 9.) Counsel also confesses that he was unaware of the practice of naming "Jane Doe Sawyer and Jane Doe Volkin" in Arizona, since California is also a community property state and the notion of naming someone's spouse without any factual basis is alien to a California lawyer. (Id. at ¶ 10.)

### *The Fees Sought Are Excessive*

Plaintiff's demand for $8,010.00 in fees to file what is barely a six-page motion that does not include a single case cite is grossly excessive for the following reasons:

(i)    the motion seeks fees that predate the filing of the Motion to Dismiss;

OPPOSITION TO FEE APPLICATION        - 4 -        **INTERNET LAW CENTER LTD.**
100 WILSHIRE BLVD SUITE 700, SANTA MONICA, CA 90401
WWW.INTERNETLAWCENTER.NET

(ii)    the majority of fees sought are before reaching out to Platinum Defendants' counsel regarding a Stipulation to avoid the necessity of filing a Motion to Strike; and

(iii)    it claims 18.7 hours by SL researching and drafting a six-page motion that does not include a single case cite.

All for a motion that could easily have been avoided had that been Plaintiffs' desired result.

### *Conclusion*

Based on the foregoing, and such further arguments that may be presented in reply or at any hearing on this matter, the Platinum Defendants request that the Court reject Plaintiffs' Application for an Award of Attorneys' Fees.

Dated: November 22, 2021              **INTERNET LAW CENTER LTD.**

By: */s/ Bennet Kelley*
100 Wilshire Blvd, Suite 700
Santa Monica, CA 90401

Tamera C. Shanker

**THE SHANKER LAW FIRM, PLC.**
700 E. Baseline Road, Bldg. B
Tempe, Arizona 85283

*Attorneys for Defendants Platinum LED Lights, LLC; Mark Sawyer; Michael Volkin; and Volkinator Enterprises, Inc.*

OPPOSITION TO FEE APPLICATION          - 5 -

STATE OF CALIFORNIA           )
                              )        ss:
COUNTY OF LOS ANGELES         )


I am employed in the County of Los Angeles, state of California I am over the age of 18 years

and am not a party to the within action.  My business address is 100 Wilshire Blvd., Suite 700,

Santa Monica, CA 90401.

On December 2, 2021 I served the foregoing documents described as

**PLATINUM DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES**


on the interested parties in this action via U.S. Mail Postage Prepaid addressed to:

Raeesabbas Mohamed
RM Warner, PLC
8283 N. Hayden Rd, Suite 229
Scottsdale, Arizona 85258


I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct. Executed December 2, 2021 at Los Angeles, California.

*Bennet Kelley*
_____

Bennet Kelley