**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Chaverri, et al., | No. CV-21-01700-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Platinum LED Lights LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Application for an Award of Attorneys' Fees (Doc. 22), which the Court construes as a motion for sanctions.[1] Plaintiffs request that the Court award Plaintiffs $8,010 in attorneys' fees incurred due to Defendants' noncompliance with the "meet and confer" requirement of LRCiv 12.1(c) prior to filing a motion to dismiss, as well as fees incurred in bringing the instant Application. (Doc. 22 at 4).

In an October 22, 2021 Order (Doc. 16), the Court granted Plaintiffs' Motion to Strike (Doc. 14) and struck Defendants' Amended Motion to Dismiss (Doc. 10). Defendants' Amended Motion to Dismiss averred that they had satisfied LRCiv 12.1(c)'s meet-and-confer requirement through a letter sent September 28, 2021. (Doc. 10 at 4). The letter mocked Plaintiffs, their claims, and their counsel, and Defendants now admit

---

[1] To the extent Plaintiffs argue that the Court already granted Plaintiffs' request for attorneys' fees and costs because Plaintiffs requested fees and costs within their Motion to Strike (Doc. 14 at 5) and the Court granted the Motion to Strike (Doc. 16), that argument fails. Rule 11(c)(2) requires that a motion for sanctions must be made separately from any other motion, so a motion for sanctions could not be incorporated within the Motion to Strike.

the letter was "overly snarky." (Doc. 30 at 4). The Court found that Defendants' letter was "contrary to the spirit of the meet-and-confer requirement" and thus struck the Amended Motion to Dismiss for noncompliance with LRCiv 12.1(c) and the Court's Preliminary Order (Doc. 7). (Doc. 16 at 2). Plaintiffs now move for sanctions under LRCiv 83.1(f)(1)(A) as well as Federal Rule of Civil Procedure ("Rule") 11.

Plaintiffs' citation to LRCiv 83.1 as grounds for their Motion is a nonstarter. LRCiv 83.1(f)(4) expressly states: "[N]othing in this Local Rule is intended to confer upon any attorney or party the right to file a motion to enforce the provisions of this Local Rule. The initiation of enforcement proceedings under this Local Rule is within the sole discretion of the Court." Thus, Plaintiffs have no ability to move for sanctions under the Local Rule. The Court declines to exercise its own discretion to impose sanctions under the Local Rule for the reasons explained below.

Under Rule 11, courts may impose sanctions when a filing is frivolous, legally unreasonable, without factual foundation, or brought for an improper purpose, such as delaying or increasing the cost of litigation. *See* Fed. R. Civ. P. 11(b)-(c). However, courts must "exercise extreme caution" when imposing Rule 11 sanctions and should only order sanctions in rare and exceptional circumstances. *Larez v. Holcomb*, 16 F.3d 1513, 1522 (9th Cir. 1994). Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The imposition of sanctions is discretionary. *See Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995) ("Although courts may impose sanctions . . . they are not required to do so.").

Here, Plaintiffs assert that Defendants' filing of the Amended Motion to Dismiss without complying with the meet-and-confer requirement caused delay and led Plaintiffs to incur additional fees and costs. (Doc. 22 at 3). While that may be true, the circumstances present here do not justify monetary sanctions. Defendants filed the Amended Motion to Dismiss on the day of their deadline to do so without requesting an extension and without engaging in further efforts to meet and confer in part because an

email advising that Plaintiffs' counsel was on vacation went to defense counsel's spam folder, so he did not know that Plaintiffs' counsel was unavailable. (Doc. 30-1 at 2). The Court therefore finds that Defendants did not file the Amended Motion to Dismiss for the improper *purpose* of delaying and increasing the cost of litigation.

To be sure, the Court strongly recommends that defense counsel take steps to ensure that opposing counsels' emails will reach him in the future, and the disrespectful tone of defense counsel's purported "meet and confer" letter is unacceptable to this Court. But the Court finds that the striking of Defendants' Amended Motion to Dismiss—the remedy specifically provided by LRCiv 12.1(c) and the Court's Preliminary Order for noncompliance with the meet-and-confer requirement—is sufficient to deter Defendants and others similarly situated from repeating similar conduct. Accordingly,

**IT IS ORDERED** that Plaintiffs' Application for an Award of Attorneys' Fees (Doc. 22) is **denied**.

Dated this 21st day of December, 2021.

Honorable Steven P. Logan
United States District Judge