**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Chaverri, et al., | No. CV-21-01700-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Platinum LED Lights LLC, et al., | |
| Defendants. | |

    Before the Court is the parties' Stipulation for Entry of Protective Order (Doc. 53). The request will be denied. As advised in its preliminary order, "[a]s a general practice, this Court does not approve or adopt blanket, umbrella protective orders or confidentiality agreements, even when stipulated to by the parties." (Doc. 7 at 3).

    "It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) (citations omitted).[1] *But see Ctr. for*

---

[1] Rule 26(c) of the Federal Rules of Civil Procedure provides:

    (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending ... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

*Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (whether "compelling reasons" or merely "good cause" must be shown to limit public access and warrant court protection depends on the relationship of the document to the merits of the case). In order to show good cause exists to limit the public's access to material under Rule 26(c), "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotations and citations omitted). Rather, the party seeking protection must make a "particularized showing of good cause with respect to [each] individual document." *San Jose Mercury News*, 187 F.3d at 1102.

The Proposed Protective Order extends broadly to "any non-public document or thing, or portion of any non-public document or thing, the public disclosure of which may cause a Party harm." (Doc. 53-1 at 2). This does not meet Rule 26(c)'s threshold. The proposed order does not point to any specific document that is entitled to protection, nor do the parties make any particularized showing that some disclosure will cause a clearly defined injury. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450 (D. Ariz. Nov. 28, 2007). Nothing within Rule 26(c) indicates that it extends to prospective, blanket protective orders, and the parties have offered no authority to the contrary. *Cf. Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (finding that entering a blanket

---

(A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

protective order without requiring the moving party "to show that specific discovery documents, whether eventually filed with the court or not, contained [confidential] information" was an abuse of discretion under Rule 26(c)); *San Jose Mercury News*, 187 F.3d at 1103 (holding that blanket protective orders "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document").

Further, no party has shown that there is an actual dispute that commands Court intervention and protection. *See* Fed. R. Civ. P. 26(c)(1); LRCiv 7.2. The parties remain free to mutually enter into a written agreement to facilitate the exchange of confidential disclosures without court approval or supervision. And, in the event discovery mandates disclosure of specific, harmful, confidential material, the parties will not be precluded from presenting a request to the Court at that time in a manner tailored to protect the particular interests at hand. *See Foltz*, 331 F.3d at 1136. Accordingly,

**IT IS ORDERED** that the Stipulation for Entry of Protective Order (Doc. 53) is **denied**.

Dated this 2nd day of June, 2022.

Honorable Steven P. Logan
United States District Judge

3