**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Chaverri, et al., | No.  CV-21-01700-PHX-SPL |
| Plaintiffs, | **ORDER** |
| vs. | |
| Platinum LED Lights LLC, et al., | |
| Defendants. | |

On December 6, 2022, the parties filed the pending Joint Motion for Discovery Dispute Resolution (Doc. 69), arising from Defendants' refusal to produce certain documents absent an agreement to protect their confidentiality. On December 9, 2022, the Court ordered the parties to meet and confer in an effort to propose a protective order, specifically limited to the documents at issue, that would resolve the discovery dispute. On December 30, 2022, the parties filed the pending Joint Motion for Protective Order (Doc. 72), which designates eight documents containing third-party consumer information as Confidential and 129 documents containing trade secrets and propriety information as Attorneys' Eyes Only. Finding the proposed protective order to be sufficiently narrow and in compliance with Federal Rule of Civil Procedure 26(c), and finding good cause for its entry,

**IT IS ORDERED** that the Joint Motion for Discovery Dispute Resolution (Doc. 69) is **denied as moot**.

///

**IT IS FURTHER ORDERED** that the Joint Motion for Protective Order (Doc. 72) is **granted**.  The Court enters the following Protective Order:

1.     <u>PURPOSES AND LIMITATIONS</u>

1.1.    This Stipulated Protective Order (the "Order") shall apply to the above-captioned action (the "Litigation"). Disclosure and discovery activity in the Litigation may involve production of confidential or non-public proprietary business information or sensitive personal information not generally known to third parties for which special protection from public disclosure and from use for any purpose other than prosecuting this Litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Order. This Protective Order does not, by itself, authorize filing any document under seal. Any party wishing to file Confidential Information in connection with a motion, brief, or other submission to the Court must comply with Fed. R. Civ. P. 26(c) and LRCiv 5.6.

1.2.    This Order shall apply to all currently named and later joined or added parties in this action that receive a copy of this Order from any party or third party to this Litigation.

2.     <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: the information or tangible things designated as "CONFIDENTIAL" as set forth in Appendix A-1 and supplements thereto approved by the Court.  .

2.3    <u>Counsel</u>: attorneys representing a named Party in this Litigation, including all support staff working under the supervision of such Counsel.

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

///

2

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the Litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a non-testifying consultant in this Litigation; (2) who is not currently employed by a Party or a Party's competitor; (3) who is not a past or current employee, partner, agent, shareholder, member, officer, contractor, client, or attorney of a Party or of a Party's competitor; and (4) at the time of retention, other than for purposes of being retained as an Expert in the Litigation, is not anticipated to become an employee partner, agent, shareholder, member, officer, contractor, client, or attorney of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive Confidential Information or Items for attorneys' eyes only as set forth in Appendix A-1 supplements thereto approved by the Court.

2.7     Non-Party: any natural person, partnership, corporation, association, court, or governmental agency or administrative body, or other legal entity not named as a Party to this action.

2.8     Party or Parties: any party to this Litigation, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their respective support staff).

2.9     PII:  third-party consumer personal information.

2.10    Producing Party: a Party or Non-Party that produces Protected Material in this action.

2.11    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and

their employees and subcontractors.

2.12   Protected Material: any information or tangible things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereunder.

2.13   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

3.1.   The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2.   The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial, Court Order, or otherwise; and (b) any information known to the Receiving Party prior to the disclosure and not subject to any obligation of confidentiality, or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by this Order, in addition to any applicable separate orders.

4.   DURATION

Even after final disposition of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings,

remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

    5.1     Exercise of Restraint and Care in Designating Material for Protection.

Any information produced in this Litigation that is reasonably believed in good faith by the Producing Party to be confidential may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY."

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the terms of this Order and applicable legal principles.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or oral or written communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) shall expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

///

5.2     <u>Manner and Timing of Designations</u>. Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. If the Producing Party designates any portion or portions of material on a page "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the designated portion or portions of the material must be redacted, and the remaining portion or portions of the material must be produced.

(b)     <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 10 days after receipt of the transcript of the pertinent testimony, to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 10 days shall be covered by the provisions of this Order.

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (**Appendix A**) are present at those proceedings. The use of a

document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements prior to the taking of the deposition.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Conference. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging to Counsel of record for all Parties and counsel of record for all affected Non-Parties, if any, and briefly describe the basis for each challenge to the Designating Party. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The

Parties shall attempt to resolve each challenge in good faith by conferring by via telephone or written correspondence, including email, within 10 calendar days of the date of service of notice. In conferring, the Designating Party must explain the basis for its belief that the confidentiality designation was proper or agree to de-designate the material. If the Parties cannot reach an agreement regarding some or all of the challenged designations, the Designating Party shall have the burden of seeking judicial intervention within 14 calendar days from the date the Challenging Party notifies the Designating Party that the challenge was not resolved through conferring.

6.3     Judicial Intervention; Failure to Obtain. If the Designating Party fails to timely seek judicial Intervention within the above-referenced 14 calendar days pursuant to Rule 26(c) or other applicable law, the challenged designation shall automatically be withdrawn. If the Designating Party timely seeks judicial intervention, the designated material shall be treated according to the applicable designation and pursuant to the terms set forth herein.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Litigation only for prosecuting, defending, or attempting to settle this Litigation. When this Litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

///

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Counsel;

(b)    the Parties, and the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Litigation;

(c)    Experts and consultants of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and have executed the Acknowledgment attached as **Appendix B**;

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation;

(f)    during their depositions or in preparation for their depositions, witnesses in the Litigation who are current or former employees of any Party that produced the applicable document(s), or who appear based on the document itself or testimony in a deposition, to have knowledge of the contents of the Protected Material designated "CONFIDENTIAL" or the specific events, transactions, discussion, or date reflected in the document, provided such witness executes the Acknowledgment attached as **Appendix B**;

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information prior to its production in this Litigation;

(h)    any private mediators utilized in the Litigation, provided such person executes the Acknowledgment attached as **Appendix B**; and,

(i)    such other persons as hereafter may be designated by written agreement of all Parties in this Litigation or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

///

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Litigation;

(b) Experts and consultants of the Receiving Party to whom disclosure is reasonably necessary for this Litigation and have executed the Acknowledgment attached as **Appendix B**;

(c) the Court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Litigation and have executed the Acknowledgment attached as **Appendix B**; and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information prior to its production in this Litigation;

(f) any private mediators utilized in the Litigation, provided such person executes the Acknowledgment attached as **Appendix B**; and,

(g) such other persons as hereafter may be designated by written agreement of all Parties in this Litigation or by Order of the Court, such Order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure.

8.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

8.1     The terms of this Order are applicable to information produced by a Non-Party in this action for such documents approved by the Court.

Such information produced by Non-Parties in connection with this Litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions

10

should be construed as prohibiting a Non-Party from seeking additional protections.

9.   INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE PROTECTED MATERIAL

If information is produced in discovery, including information produced by a third party, that is claimed to be Protected Material or otherwise privileged, the Party making the claim may notify any Receiving Party that received the information of the claim and the basis for it. After being notified, the Receiving Party must promptly return or destroy the specified information and any copies it has and may not sequester, use, or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the Court for a determination of the claim. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

10.   MISCELLANEOUS

10.1   Right to Further Relief. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

10.2   Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground, including relevance, not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

10.3   Filing Protected Material. In the event that any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION" is included with, or the contents thereof are in any way disclosed in any pleading, motion, disposition, transcript, or other paper filed with the Clerk of this Court, the Party filing the Protected Material shall request sealing of the information.

As further clarification, a mere reference or discussion of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information does not warrant sealing of the entire document and all attachments to be filed. Instead, the Party

who is contemplating sealing any item should redact or request sealing of only the very specific portions of documents that contain or refer to the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information.  Then, the Party may elect to file the motion to seal the Protected Material or a notice to the Court that a motion to seal may be filed in the future, when and if it is necessary to do so.

The Parties shall give the other Parties notice if they reasonably expect that a Motion, Opposition, or other document to be filed with the Court will include an Exhibit containing Protected Material so that the Parties may meet and confer as provided by Paragraph 6.2 prior to the need to file the Protected Material.  In the event that it is impossible to provide such notice, the Parties agree that the Party seeking to file Protected Material will abide by the provisions of this Paragraph.

Notwithstanding the foregoing, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information, documents, or testimony introduced into evidence at trial may not be sealed or otherwise treated as confidential by the Court except pursuant to a further order of the Court at the request of either Party during pretrial proceedings or trial.

10.4.  <u>Party's Own Information</u>.  A Party is free to do whatever it desires with its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information.

10.5.  <u>Non-Party Subpoenas and Orders</u>.  In the event any Party is required by subpoena or court order to produce Protected Material to any person or entity not subject to this Protective Order (e.g., a Non-Party), the Party so required shall give notice of such court order or subpoena to all other Parties at least twenty (20) calendar days before making such production, so that the other Parties may have an opportunity to intervene and/or seek a protective order.  If no motion for protective order and/or motion to quash is filed within the twenty-day period, the Party may comply with the subpoena or court order but must notify the requesting party of this Protective Order. If a motion for protective order and/or motion to quash is filed within the twenty-day period, the Party

shall refrain from producing any Protected Material until ordered by the court.

10.6.  Court's Jurisdiction.  The Court retains jurisdiction to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate. The provisions of this Order regarding the use or disclosure of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information shall survive the termination of this Litigation to the extent the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information is not or does not become known to the public in accordance with the terms set forth herein, and the Court shall retain jurisdiction with respect to this Order.

10.7.  Effective Date.  Upon the signing of this Order by the Court this Order shall be effective as against all Parties currently named, or later joined or added in this Litigation.  Plaintiffs must serve a copy of this Order on each party added to the Litigation after the date of this Order.

11.  FINAL DISPOSITION

Within 60 days after the final disposition of this Litigation, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

1  work product, and consultant and expert work product, even if such materials contain

2  Protected Material. Any such archival copies that contain or constitute Protected Material

3  remain subject to this Order.

4       Dated this 11th day of January, 2023.

5

6  Honorable Steven P. Logan
  United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **APPENDIX A**

2

3       1.       The following documents shall be deemed "Confidential" hereunder:

4

5

| | Document Title | Date | Bate Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 1 | FW_BIOMAX 900 ORDER | 10-Aug-22 | CONFIDPLAT0000583-CONFIDPLAT0000587 | Email | Mark Sawyer | Tom Johnson | PII |
| 2 | FW_New customer message on October 3,2019 at 7_48 pm | 4-Oct-19 | CONFIDPLAT0000593-CONFIDPLAT0000595 | Email | Mark Sawyer | Alex Fergus | PII |
| 3 | Irradiance Peak | 27-Jan-20 | CONFIDPLAT0000596-CONFIDPLAT0000598 | Email | Tom Johnson | Mark Sawyer | PII |
| 4 | Katia Grinkov change | 22-Aug-22 | CONFIDPLAT0000599-CONFIDPLAT0000605 | Email | Mark Sawyer | Susie Kristofka | PII |
| 5 | Lester Sawicki left a 5 star review for 'PlatinumLED…BIOMAX Series' | 11-Sep-19 | CONFIDPLAT0000606 | Email | Judge.me | Mark Sawyer | PII |
| 6 | New BIOMAX | 13-Aug-22 | CONFIDPLAT0000617-CONFIDPLAT0000618 | Email | Mark Sawyer | Alex Fergus | PII |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | Document Title | Date | Bate Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 7 | AEO Re_FW_Question from Katia using Platinum Therapy…hts chat box.2 | 14-Aug-22 | AEOPLAT0000805-AEOPLAT0000810 | Email | Mike Volkin | Mark Sawyer | PII |
| 8 | AEO Re_FW_Question from Katia using Platinum Therapy…hts chat box.. | 14-Aug-22 | AEOPLAT0000811-AEOPLAT0000815 | Email | Mark Sawyer | Mike Volkin | PII |

2.     The following documents shall be deemed "Highly Confidential – Attorneys' Eyes Only" hereunder:

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 1 | Platinum LED Lights, LLC Balance Sheet and Income Statement 2018 | | *TO BE BATES* | PDF | Young & Company LLC | | Proprietary Financial Data |
| 2 | Platinum LED Lights, LLC Balance Sheet and Income Statement 2019 | | *TO BE BATES* | PDF | Young & Company LLC | | Proprietary Financial Data |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 3 | Platinum LED Lights, LLC Balance Sheet and Income Statement 2020 | | *TO BE BATES* | PDF | Young & Company LLC | | Proprietary Financial Data |
| 4 | Platinum LED Lights, LLC Balance Sheet and Income Statement 2021 | | *TO BE BATES* | PDF | Young & Company LLC | | Proprietary Financial Data |
| 5 | Platinum LED Lights, LLC Balance Sheet and Income Statement 2022 | | *To be Produced Once Finalized* | PDF | | | Proprietary Financial Data |
| 6 | Sales over time 1.20.8.22 | | *TO BE BATES* | Print Out | Mark Sawyer | | Proprietary Sales Data |
| 7 | sales_2018-06-05_2022-06-05 | | *TO BE BATES* | Excel | Mark Sawyer | | Proprietary Sales Data |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 8 | Re-Platinum Led Therapy Lights VideoReport #001 (163) | 4-Aug-20 | AEOPLAT0001013 - AEOPLAT0001015 | Email | Fabiano Valmorbi da Marcal Pessoa | Mark Sawyer | Competitive Analysis |
| 9 | Re-Platinum Led Therapy Lights VideoReport #001 (164) | 3-Aug-20 | AEOPLAT0001016 - AEOPLAT0001017 | Email | Mark Sawyer | Fabiano Valmorbi da Marcal Pessoa; Mike Volkin | Competitive Analysis |
| 10 | RE-Platinum Therapy | 26-Jul-22 | AEOPLAT0001047 - AEOPLAT0001053 | Email | Shubham Sagare | Mark Sawyer | Competitive Analysis |
| 11 | RE-Platinum Therapy (3) | 26-Jul-22 | AEOPLAT0001022 - AEOPLAT0001026 | Email | Mark Sawyer | Shubham Sagare; Mike Volkin | Competitive Analysis |
| 12 | RE-Platinum Therapy (4) | 26-Jul-22 | AEOPLAT0001027 - AEOPLAT0001031 | Email | Shubham Sagare | Mark Sawyer; Mike Volkin | Competitive Analysis |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 13 | RE-Platinum Therapy (5) | 25-Jul-22 | AEOPLAT0001032 - AEOPLAT0001035 | Email | Mark Sawyer | Shubham Sagare; Mike Volkin | Competitive Analysis |
| 14 | RE-Platinum Therapy (6) | 25-Jul-22 | AEOPLAT0001036 - AEOPLAT0001038 | Email | Shubham Sagare | Mike Volkin | Competitive Analysis |
| 15 | RE-Platinum Therapy (7) | 22-Jul-22 | AEOPLAT0001039 - AEOPLAT0001041 | Email | Shubham Sagare | Mike Volkin | Competitive Analysis |
| 16 | RE-Platinum Therapy (8) | 22-Jul-22 | AEOPLAT0001042 - AEOPLAT0001044 | Email | Mark Sawyer | Mike Volkin; Shubham Sagare | Competitive Analysis |
| 17 | RE-Platinum Therapy (9) | 22-Jul-22 | AEOPLAT0001045 - AEOPLAT0001046 | Email | Mike Volkin | Shubham Sagare | Competitive Analysis |
| 18 | Re-PlatinumLED SEO report | 1-Aug-22 | AEOPLAT0001212 - AEOPLAT0001215 | Email | Rifat Ahmed | Mark Sawyer | Competitive Analysis |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 19 | AEO Ad Campaign Question | 25-Feb-20 | AEOPLAT0000700 | Email | Rachel Callahan | Mark Sawyer | Discussion of Ad Budget |
| 20 | AEO FW_Platinum LED SEO report | 2-Aug-22 | AEOPLAT0000723 - AEOPLAT0000726 | Email | Mark Sawyer | Soumik Chowdhury | Discussion of SEO Strategy |
| 21 | AEO Fwd_Platinum LED SEO report 2 | 2-Aug-22 | AEOPLAT0000730 - AEOPLAT0000733 | Email | Rifat Ahmed | Mark Sawyer | Discussion of SEO Strategy |
| 22 | AEO Fwd_Update | 19-Jan-21 | AEOPLAT0000736 | Email | Mike Volkin | Mark Sawyer | Correspondence re website strategy |
| 23 | AEO MR1 | 25-Feb-20 | AEOPLAT0000747 | Email | Rachel Callahan | Mark Sawyer | Ad Budget |
| 24 | AEO PlatinumLED SEO report | 1-Aug-22 | AEOPLAT0000748 | Email | Mark Sawyer | Rifat Ahmed | SEO Audit |
| 25 | aeo PlatinumLED Therapy Lights - SEO (1) (002) | N/A | AEOPLAT0000749 - AEOPLAT0000764 | Analysis document | N/A | N/A | SEO Audit |
| 26 | AEO PTL comparison 2 | N/A | AEOPLAT0000765 - AEOPLAT0000768 | Web data | Semrush | N/A | Web Traffic Analysis of Platinum and Competitors |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 27 | AEO PTL comparison SEM Rush | N/A | AEOPLAT0000769 - AEOPLAT0000772 | Web data | Semrush | N/A | Web Traffic Analysis of Platinum and Competitors |
| 28 | AEO RE_Ad Campaign Question 2 | 25-Feb-20 | AEOPLAT0000773 - AEOPLAT0000774 | Email | Mark Sawyer | Rachel Callahan | Discussion of Ad Budget |
| 29 | AEO RE_Ad Campaign Question 3 | 26-Feb-20 | AEOPLAT0000775 - AEOPLAT0000776 | Email | Rachel Callahan | Mike Volkin | Discussion of Ad Budget |
| 30 | AEO Re_Auction insight 6_29 | 30-Jun-20 | AEOPLAT0000777 - AEOPLAT0000778 | Email | Support - IWDM | Mark Sawyer | Discussion of Impression Share vis a vis competitors |
| 31 | AEO Re_Ecommerce Audit | 1-Aug-22 | AEOPLAT0000779 - AEOPLAT0000795 | Email | Kunal Patil | Soumik Chowdhury | SEO Audit |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 32 | AEO Re_FW_allegation against the firm Platinum LED Holdings LLC | 8-Oct-21 | AEOPLAT0000796 - AEOPLAT0000802 | Email | Mike Volkin | Mark Sawyer | Response to Medical Device Marketing Complaint to FDA |
| 33 | aeo Re_ | 7-Apr-21 | AEOPLAT0000853 - AEOPLAT0000854 | Email | Mike Volkin | Tom Johnson | SEO and Mito Red Video |
| 34 | CPC Screen Shot | N/A | AEOPLAT0000855 | Screenshot | N/A | N/A | Ad CPC Analysis |
| 35 | FW-PlatinumLED SEO report | 2-Aug-22 | AEOPLAT0000860 - AEOPLAT0000862 | Email | Mark Sawyer | Soumik Chowdhury | SEO Report |
| 36 | Re-3w vs 5w (160) | 6-Sep-20 | AEOPLAT0000891 - AEOPLAT0000897 | Email | Mark Sawyer | Josh Piepmeier; Tom Johnson | SEO Audit |
| 37 | Re-Seller Rating (97) | 3-Dec-20 | AEOPLAT0001444 - AEOPLAT0001447 | Email | Mark Sawyer | Mike Volkin; Support-IWDM | Discussion of Mito Red and Website Strategy |
| 38 | Re-Seller Rating (106) | 19-Nov-20 | AEOPLAT0001435 - AEOPLAT0001438 | Email | Mike Volkin | Support-IWDM | Discussion of Mito Red and Website Strategy |
| 39 | Re-Seller Rating (107) | 19-Nov-20 | AEOPLAT0001439 - AEOPLAT0001441 | Email | Support - IWDM | Mark Sawyer | Discussion of Mito Red and Website Strategy |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 40 | Re-Seller Rating (109) | 19-Nov-20 | AEOPLAT0001442 - AEOPLAT0001443 | Email | Mark Sawyer | Mike Volkin; Support-IWDM | Discussion of Mito Red and Website Strategy |
| 41 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (190) | 11-Sep-19 | AEOPLAT0001450 - AEOPLAT0001486 | Email | Jake Pearson | Mark Sawyer | SEO Analysis / Strategy |
| 42 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (191) | 11-Sep-19 | AEOPLAT0001487 - AEOPLAT0001513 | Email | Mark Sawyer | Jake Pearson; Rachael Piper | SEO Analysis / Strategy |
| 43 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (192) | 11-Sep-19 | AEOPLAT0001514 - AEOPLAT0001540 | Email | Mark Sawyer | Jake Pearson; Rachael Piper | SEO Analysis / Strategy |
| 44 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (199) | 9-Sep-19 | AEOPLAT0001541 - AEOPLAT0001579 | Email | Rachael Piper | Mark Sawyer | SEO Analysis / Strategy |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 45 | Re-SEO_SEM Proposal-- PlatinumLED Therapy Lights (200) | 9-Sep-19 | AEOPLAT0001580 - AEOPLAT0001608 | Email | Mark Sawyer | Rachael Piper | SEO Analysis / Strategy |
| 46 | Re-SEO_SEM Proposal-- PlatinumLED Therapy Lights (201) | 9-Sep-19 | AEOPLAT0001609 - AEOPLAT0001645 | Email | Rachael Piper | Mark Sawyer | SEO Analysis / Strategy |
| 47 | Re-SEO_SEM Proposal-- PlatinumLED Therapy Lights (202) | 9-Sep-19 | AEOPLAT0001646 - AEOPLAT0001672 | Email | Mark Sawyer | Rachael Piper | SEO Analysis / Strategy |
| 48 | Re-SEO_SEM Proposal-- PlatinumLED Therapy Lights (203) | 9-Sep-19 | AEOPLAT0001673 - AEOPLAT0001703 | Email | Mark Sawyer | Jake Pearson; Rachael Piper | SEO Analysis / Strategy |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 49 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (204) | 9-Sep-19 | AEOPLAT0001704 - AEOPLAT0001742 | Email | Jake Pearson | Rachael Piper | SEO Analysis / Strategy |
| 50 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (205) | 9-Sep-19 | AEOPLAT0001743 - AEOPLAT0001780 | Email | Rachael Piper | Mark Sawyer | SEO Analysis / Strategy |
| 51 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (206) | 9-Sep-19 | AEOPLAT0001781 - AEOPLAT0001808 | Email | Mark Sawyer | Rachael Piper | SEO Analysis / Strategy |
| 52 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (207) | 9-Sep-19 | AEOPLAT0001809 - AEOPLAT0001844 | Email | Rachael Piper | Mark Sawyer | SEO Analysis / Strategy |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 53 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (208) | 9-Sep-19 | AEOPLAT0001845 - AEOPLAT0001880 | Email | Rachael Piper | Mark Sawyer | SEO Analysis / Strategy |
| 54 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (209) | 9-Sep-19 | AEOPLAT0001881 - AEOPLAT0001907 | Email | Mark Sawyer | Jake Pearson; Rachael Piper | SEO Analysis / Strategy |
| 55 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (211) | 6-Sep-19 | AEOPLAT0001908 - AEOPLAT0001933 | Email | Mark Sawyer | Jake Pearson; Rachael Piper | SEO Analysis / Strategy |
| 56 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (212) | 3-Sep-19 | AEOPLAT0001934 - AEOPLAT0001966 | Email | Jake Pearson | Rachael Piper | SEO Analysis / Strategy |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 57 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (213) | 20-Aug-19 | AEOPLAT0001967 - AEOPLAT0001999 | Email | Jake Pearson | Rachael Piper | SEO Analysis / Strategy |
| 58 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (214) | 20-Aug-19 | AEOPLAT0002000 - AEOPLAT0002031 | Email | Rachael Piper | Mark Sawyer | SEO Analysis / Strategy |
| 59 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (215) | 20-Aug-19 | AEOPLAT0002032 - AEOPLAT0002054 | Email | Mark Sawyer | Jake Pearson; Rachael Piper | SEO Analysis / Strategy |
| 60 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (216) | 20-Aug-19 | AEOPLAT0002055 - AEOPLAT0002084 | Email | Rachael Piper | Jake Pearson | SEO Analysis / Strategy |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 61 | Re-SEO_SEM Proposal-- PlatinumLED Therapy Lights (217) | 20-Aug-19 | AEOPLAT0002085 - AEOPLAT0002113 | Email | Jake Pearson | Mark Sawyer | SEO Analysis / Strategy |
| 62 | Re-SEO_SEM Proposal-- PlatinumLED Therapy Lights (218) | 20-Aug-19 | AEOPLAT0002114 - AEOPLAT0002134 | Email | Mark Sawyer | Jake Pearson; Rachael Piper | SEO Analysis / Strategy |
| 63 | Re-SEO_SEM Proposal-- PlatinumLED Therapy Lights (219) | 16-Aug-19 | AEOPLAT0002135 - AEOPLAT0002154 | Email | Mark Sawyer | Jake Pearson; Rachael Piper | SEO Analysis / Strategy |
| 64 | Re-SEO_SEM Proposal-- PlatinumLED Therapy Lights (220) | 16-Aug-19 | AEOPLAT0002155 - AEOPLAT0002181 | Email | Jake Pearson | Rachael Piper | SEO Analysis / Strategy |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 65 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (221) | 16-Aug-19 | AEOPLAT0002182 - AEOPLAT0002208 | Email | Rachael Piper | Mark Sawyer | SEO Analysis / Strategy |
| 66 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (222) | 15-Aug-19 | AEOPLAT0002209 - AEOPLAT0002226 | Email | Mark Sawyer | Jake Pearson | SEO Analysis / Strategy |
| 67 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (223) | 15-Aug-19 | AEOPLAT0002227 - AEOPLAT0002251 | Email | Jake Pearson | Mark Sawyer | SEO Analysis / Strategy |
| 68 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (224) | 15-Aug-19 | AEOPLAT0002252 - AEOPLAT0002268 | Email | Mark Sawyer | Jake Pearson; Rachael Piper | SEO Analysis / Strategy |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 69 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (225) | 14-Aug-19 | AEOPLAT0002269 - AEOPLAT0002291 | Email | Rachael Piper | Jake Pearson | SEO Analysis / Strategy |
| 70 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (226) | 14-Aug-19 | AEOPLAT0002292 - AEOPLAT0002313 | Email | Jake Pearson | Rachael Piper | SEO Analysis / Strategy |
| 71 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (227) | 13-Aug-19 | AEOPLAT0002314 - AEOPLAT0002334 | Email | Rachael Piper | Mark Sawyer | SEO Analysis / Strategy |
| 72 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (228) | 13-Aug-19 | AEOPLAT0002335 - AEOPLAT0002348 | Email | Mark Sawyer | Rachael Piper | SEO Analysis / Strategy |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 73 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (229) | 13-Aug-19 | AEOPLAT0002349 - AEOPLAT0002368 | Email | Rachael Piper | Mark Sawyer | SEO Analysis / Strategy |
| 74 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (233) | 8-Aug-19 | AEOPLAT0002369 - AEOPLAT0002382 | Email | Mark Sawyer | Jake Pearson | SEO Analysis / Strategy |
| 75 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (234) | 8-Aug-19 | AEOPLAT0002383 - AEOPLAT0002401 | Email | Jake Pearson | Mark Sawyer | SEO Analysis / Strategy |
| 76 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (235) | 8-Aug-19 | AEOPLAT0002402 - AEOPLAT0002414 | Email | Mark Sawyer | Jake Pearson | SEO Analysis / Strategy |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 77 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (236) | 8-Aug-19 | AEOPLAT0002415 - AEOPLAT0002432 | Email | Jake Pearson | Mark Sawyer | SEO Analysis / Strategy |
| 78 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (237) | 6-Aug-19 | AEOPLAT0002433 - AEOPLAT0002444 | Email | Mark Sawyer | Jake Pearson | SEO Analysis / Strategy |
| 79 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (238) | 6-Aug-19 | AEOPLAT0002445 - AEOPLAT0002461 | Email | Jake Pearson | Mark Sawyer | SEO Analysis / Strategy |
| 80 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (239) | 5-Aug-19 | AEOPLAT0002462 - AEOPLAT0002478 | Email | Michael Shipley | Mark Sawyer | SEO Analysis / Strategy |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 81 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (240) | 2-Aug-19 | AEOPLAT0002479 - AEOPLAT0002490 | Email | Mark Sawyer | Jake Pearson; Michael Shipley; Rachael Piper | SEO Analysis / Strategy |
| 82 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights (241) | 2-Aug-19 | AEOPLAT0002491 - AEOPLAT0002506 | Email | Michael Shipley | Jake Pearson; Mark Sawyer; Rachael Piper | SEO Analysis / Strategy |
| 83 | Re-SEO_SEM Proposal--PlatinumLED Therapy Lights | 12-Sep-19 | AEOPLAT0002507 - AEOPLAT0002543 | Email | Rachael Piper | Jake Pearson | SEO Analysis / Strategy |
| 84 | RE-SEO | 22-Apr-20 | AEOPLAT0001448 - AEOPLAT0001449 | Email | Mike Volkin | Mark Sawyer | SEO Analysis / Strategy |
| 85 | AEO adffiliate update | 3-Sep-21 | AEOPLAT0000701 | Email | Mike Volkin | Mark Sawyer | Status of Affiliate Marketing Program |

33

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 86 | AEO FW_[URGENT] Re_[affiliatly] Your registration for affiliate program | 24-Sep-19 | AEOPLAT0000708 - AEOPLAT0000718 | Email | Mark Sawyer | Juntae DeLane | Affiliate Commission Negotiations |
| 87 | AEO mark update | N/A | AEOPLAT0000743 - AEOPLAT0000744 | Word doc | N/A | N/A | Affiliate Strategy |
| 88 | RE-No word from Mark again (ALEX FERGUS) (171) | 10-Dec-19 | AEOPLAT0000987 - AEOPLAT0000991 | Email | Mark Sawyer | Alex Fergus | Affiliate Commission Negotiations |
| 89 | RE-No word from Mark again (ALEX FERGUS) (172) | 9-Dec-19 | AEOPLAT0000992 - AEOPLAT0000997 | Email | Alex Fergus | Mark Sawyer | Affiliate Commission Negotiations |
| 90 | RE-No word from Mark again (ALEX FERGUS) | 10-Dec-19 | AEOPLAT0000998 - AEOPLAT0001005 | Email | Alex Fergus | Mark Sawyer | Affiliate Commission Negotiations |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 91 | RE-Order from Sept that needs to be fulfilled #11945 Tatiana Teppoeva | 14-Oct-20 | AEOPLAT0001006 - AEOPLAT0001012 | Email | Susie Kristofka | Mark Sawyer; Tom Johnson | Affiliate Commission Negotiations |
| 92 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (230) | 13-Aug-19 | AEOPLAT0002591 - AEOPLAT0002611 | Email | Alex Fergus | Mark Sawyer | Affiliate Commission Negotiations |
| 93 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (231) | 9-Aug-19 | AEOPLAT0002612 - AEOPLAT0002626 | Email | Mark Sawyer | Alex Fergus | Affiliate Commission Negotiations |
| 94 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (258) | 23-Jul-19 | AEOPLAT0002627 - AEOPLAT0002644 | Email | Alex Fergus | Mark Sawyer | Affiliate Commission Negotiations |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 95 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (260) | 22-Jul-19 | ACPPLAT0002645-ACPPLAT0002658 | Email | Mark Sawyer | Alex Fergus | Affiliate Commission Negotiations |
| 96 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (261) | 12-Jul-19 | ACPPLAT0002659-ACPPLAT0002672 | Email | Mark Sawyer | Alex Fergus | Affiliate Commission Negotiations |
| 97 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (265) | 9-Jul-19 | ACPPLAT0002673-ACPPLAT0002689 | Email | Alex Fergus | Mark Sawyer | Affiliate Commission Negotiations |
| 98 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (266) | 8-Jul-19 | ACPPLAT0002690-ACPPLAT0002701 | Email | Mark Sawyer | Alex Fergus | Affiliate Commission Negotiations |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 99 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (267) | 8-Jul-19 | ACPPLAT0002702-ACPPLAT0002715 | Email | Alex Fergus | Mark Sawyer | Affiliate Commission Negotiations |
| 100 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (268) | 26-Jun-19 | ACPPLAT0002716-ACPPLAT0002729 | Email | Alex Fergus | Mark Sawyer | Affiliate Commission Negotiations |
| 101 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (269) | 19-Jun-19 | ACPPLAT0002730-ACPPLAT0002740 | Email | Mark Sawyer | Alex Fergus | Affiliate Commission Negotiations |
| 102 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (270) | 10-Jun-19 | ACPPLAT0002741-ACPPLAT0002750 | Email | Mark Sawyer | Alex Fergus | Affiliate Commission Negotiations |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 103 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (271) | 10-Jun-19 | ACPPLAT0002751-ACPPLAT0002762 | Email | Alex Fergus | Mark Sawyer | Affiliate Commission Negotiations |
| 104 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (272) | 10-Jun-19 | ACPPLAT0002763-ACPPLAT0002772 | Email | Mark Sawyer | Alex Fergus | Affiliate Commission Negotiations |
| 105 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (273) | 10-Jun-19 | ACPPLAT0002773-ACPPLAT0002782 | Email | Mark Sawyer | Alex Fergus | Affiliate Commission Negotiations |
| 106 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (274) | 10-Jun-19 | ACPPLAT0002783-ACPPLAT0002793 | Email | Alex Fergus | Mark Sawyer | Affiliate Commission Negotiations |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 107 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX (275) | 7-Jun-19 | ACPPLAT0002794-ACPPLAT0002802 | Email | Mark Sawyer | Alex Fergus | Affiliate Commission Negotiations |
| 108 | Re-We're taking Red Light Therapy to the next level-Meet BIOMAX | 31-Aug-19 | ACPPLAT0002803-ACPPLAT0002823 | Email | Alex Fergus | Mark Sawyer | Affiliate Commission Negotiations |
| 109 | RE-RE-Curved case (133) | 23-Sep-20 | AEOPLAT0001216-AEOPLAT0001226 | Email | Mark Sawyer | Zhan Vicky | Analyzing MitoRed bulbs / Discussion With Supplier |
| 110 | RE-RE-Curved case (134) | 23-Sep-20 | AEOPLAT0001227-AEOPLAT0001237 | Email | Zhan Vicky | Mark Sawyer | Analyzing MitoRed bulbs / Discussion With Supplier |
| 111 | RE-RE-Curved case (137) | 19-Sep-20 | AEOPLAT0001238-AEOPLAT0001245 | Email | Mark Sawyer | Zhan Vicky | Analyzing MitoRed bulbs / Discussion With Supplier |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 112 | RE-RE-Curved case (139) | 18-Sep-20 | AEOPLAT0001246 - AEOPLAT0001253 | Email | Mark Sawyer | Zhan Vicky | Analyzing MitoRed bulbs / Discussion With Supplier |
| 113 | RE-RE-Curved case (141) | 15-Sep-20 | AEOPLAT0001254 - AEOPLAT0001263 | Email | Mark Sawyer | Zhan Vicky | Analyzing MitoRed bulbs / Discussion With Supplier |
| 114 | RE-RE-Curved case (147) | 10-Sep-20 | AEOPLAT0001264 - AEOPLAT0001272 | Email | Mark Sawyer | Zhan Vicky | Analyzing MitoRed bulbs / Discussion With Supplier |
| 115 | RE-RE-Curved case (148) | 10-Sep-20 | AEOPLAT0001273 - AEOPLAT0001283 | Email | Zhan Vicky | Mark Sawyer | Analyzing MitoRed bulbs / Discussion With Supplier |
| 116 | RE-RE-Curved case (149) | 10-Sep-20 | AEOPLAT0001284 - AEOPLAT0001294 | Email | Zhan Vicky | Mark Sawyer | Analyzing MitoRed bulbs / Discussion With Supplier |
| 117 | RE-RE-Curved case (150) | 10-Sep-20 | AEOPLAT0001295 - AEOPLAT0001305 | Email | Zhan Vicky | Mark Sawyer | Analyzing MitoRed bulbs / Discussion With Supplier |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 118 | RE-RE-Curved case | 25-Sep-20 | AEOPLAT0001306 - AEOPLAT0001316 | Email | Zhan Vicky | Mark Sawyer | Analyzing MitoRed bulbs / Discussion With Supplier |
| 119 | RE-RE-LEDs in PRO | 13-Aug-20 | AEOPLAT0001317 - AEOPLAT0001329 | Email | Mark Sawyer | Zhan Vicky | Analyzing MitoRed bulbs / Discussion With Supplier |
| 120 | RE-RE-RE-Curved case (146) | 10-Sep-20 | AEOPLAT0001330 - AEOPLAT0001339 | Email | Zhan Vicky | Mark Sawyer | Analyzing MitoRed bulbs / Discussion With Supplier |
| 121 | RE-RE-RE-Curved case (152) | 10-Sep-20 | AEOPLAT0001340 - AEOPLAT0001347 | Email | Mark Sawyer | Zhan Vicky | Analyzing MitoRed bulbs / Discussion With Supplier |
| 122 | RE-RE-RE-Curved case (153) | 10-Sep-20 | AEOPLAT0001348 - AEOPLAT0001354 | Email | Mark Sawyer | Zhan Vicky | Analyzing MitoRed bulbs / Discussion With Supplier |
| 123 | RE-RE-RE-Curved case (156) | 9-Sep-20 | AEOPLAT0001355 - AEOPLAT0001361 | Email | Mark Sawyer | Zhan Vicky | Analyzing MitoRed bulbs / Discussion With Supplier |

| # | Document Title | Date | Bates Stamp | Doc Type | From | To | Basis |
|---|---|---|---|---|---|---|---|
| 124 | RE-RE-RE-Curved case (157) | 9-Sep-20 | AEOPLAT0001362-AEOPLAT0001367 | Email | Mark Sawyer | Zhan Vicky | Analyzing MitoRed bulbs / Discussion With Supplier |
| 125 | RE-RE-RE-Curved case | 25-Sep-20 | AEOPLAT0001368-AEOPLAT0001377 | Email | Mark Sawyer | Zhan Vicky | Analyzing MitoRed bulbs / Discussion With Supplier |
| 126 | Re-RE-RE-LEDs in PRO (161) | 13-Aug-20 | AEOPLAT0001378-AEOPLAT0001389 | Email | Zhan Vicky | Mark Sawyer | Analyzing MitoRed bulbs / Discussion With Supplier |
| 127 | Re-RE-RE-LEDs in PRO (162) | 13-Aug-20 | AEOPLAT0001390-AEOPLAT0001401 | Email | Zhan Vicky | Mark Sawyer | Analyzing MitoRed bulbs / Discussion With Supplier |
| 128 | Re-RE-RE-LEDs in PRO | 14-Aug-20 | AEOPLAT0001402-AEOPLAT0001414 | Email | Mark Sawyer | Zhan Vicky | Analyzing MitoRed bulbs / Discussion With Supplier |
| 129 | RE-RE-RE-RE-LEDs in PRO | 14-Aug-20 | AEOPLAT0001415-AEOPLAT0001428 | Email | Zhan Vicky | Mark Sawyer | Analyzing MitoRed bulbs / Discussion With Supplier |

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3.      Should any of the above documents be reproduced under a different Bates number (e.g., to correct a prior AEO designation or overlapping Bates numbers), the Order shall apply to the newly numbered Bates document as well.

1

**APPENDIX B**

2

3    Scott Chaverri, an individual; and Mito Red          No. 2:21-CV-01700-SPL
     Light, Inc., an Arizona corporation;
4

5                        Plaintiffs,

6    v.                                                    **ACKNOWLEDGEMENT OF**
                                                           **PROTECTIVE ORDER AND**
7                                                          **AGREEMENT TO BE BOUND**
     Platinum LED Lights, LLC, a Florida
8    limited liability company; Mark Sawyer and
     Jane Doe Sawyer, individuals; Michael
9    Volkin and Jane Doe Volkin, individuals;             (Honorable Steven P. Logan)
     Volkinator Enterprises, Inc., a California
10   corporation,
11
                         Defendants.
12

13

14        The undersigned hereby acknowledges and agrees that (s)he has reviewed the

15   Confidentiality Order entered in the above-captioned matter and is obligated to abide by

16   its terms.

17

18   Name: _____

19

20   Title:  _____

21

22   Date:  _____

23

24

25

26

27

28

44